**COLLINS v. UNITED STATES.**

No. 14761.

United States Court of Appeals
Eighth Circuit.

Sept. 8, 1953.

Robert R. Schwarz, St. Louis, Mo. (appointed by Court), for appellant.

Edward J. Tangney, Asst. U. S. Atty., Omaha, Neb. (Joseph T. Votava, U. S. Atty., and John E. Deming, Asst. U. S. Atty., Omaha, Neb., on the brief), for appellee.

Before GARDNER, Chief Judge, and SANBORN and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant seeks, by motion under 28 U.S. C.A. § 2255, to have his sentence vacated, upon the ground that he did not have the assistance of counsel, was not informed by the trial court of his right to have counsel appointed, did not know of his right to re-

quest such assistance, and had not otherwise waived the right.

The sentence is one that was imposed upon appellant, on his plea of guilty to charges of robbing a bank insured by the Federal Deposit Insurance Corporation, under circumstances violative of 12 U.S.C.A. § 588b(a) and (b).

The trial court denied the motion to vacate, without a hearing, upon showing made, and not disputed, that the question attempted to be raised and the issue necessary to be determined had been the subject of presentation, trial and resolution in other proceedings instituted by appellant, with a judicial determination there having been made that "the petitioner competently and intelligently waived his right to assistance of counsel," and with no appellate challenge having been undertaken against this finding—so that the trial court here felt that the fact of waiver had thus come to have a sufficient processive stature and legal reality to not require that it be made the subject of another examination and adjudication.

As a matter of fact, appellant had made two such previous attacks upon the sentence, by petitions for writs of habeas corpus, filed prior to the enactment of 28 U. S.C.A. § 2255. The first of these attacks was made two years after the sentence was imposed, while appellant was confined in the United States Penitentiary at Alcatraz, California. The second was made a year later, after he had been transferred to the United States Medical Center at Springfield, Missouri. The motion now being made to have the sentence vacated has been filed since the taking of appellant into custody, to be returned to the United States Penitentiary at Leavenworth, Kansas, for violating the terms of the conditional release which was granted him, under 18 U.S.C.A.1940 ed. § 716b [1948 Revised Criminal Code, 18 U.S.C.A. § 4164], after he had served 9 years of his sentence.

In each of the two habeas corpus proceedings, the court had issued the writ, had held a plenary hearing, had listened to and observed appellant testify, and had

had the situation submitted to it on this testimony and other evidence. In the first case, the court merely declared that appellant had failed to sustain the burden resting upon him of establishing that he had not waived his right to the assistance of counsel. In the second, however, the court affirmatively found, as indicated above, that appellant had in fact competently and intelligently waived his right to the assistance of counsel. Thus, appellant has been afforded the opportunity by two trial courts of urging his contention and having his testimony weighed in relation to the other probative elements, and both of such courts have on appraisal of the situation found themselves unable to believe and credit his assertion that he was ignorant of his right to request the assistance of counsel and that he did not knowingly and understandingly intend to forego or waive such assistance in relation to his action of pleading guilty and having sentence pronounced upon him.

We need not further concern ourselves with the first of these habeas corpus proceedings but shall consider only whether the second habeas corpus proceeding and the affirmative finding of waiver there made warranted the trial court here in refusing to open the door to another trial of appellant's contention.

A denial of habeas corpus relief by a federal court does not, of course, have any res judicata effect as such. Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989. But beyond the matter of technical bar, there exists also the element of the inherent power of a court to protect itself against imposition and abuse of its process, so that no litigant can demand as a matter of right that repetitive judicial consideration and determination be made of a controversy which he once has had the opportunity to subject to juridical proceeding and has obtained a resolution of, on valid process and under existing jurisdiction. In specific application to the present situation, a trial court may generally refuse to allow a prisoner to relitigate the validity of his sentence upon a question which has theretofore been made the subject of issue, presentation, trial and determination on its merits in another appropriate proceeding. Darr v. Burford, 339 U.S. 200, 215, 70 S.Ct. 587, 596, 94 L.Ed. 761. And especially will there ordinarily be no basis for claiming abuse of discretion by a trial court in refusing to allow a prisoner to relitigate the validity of his sentence, where the alleged invalidity turns upon a question of underlying and controlling fact of which he has sought and obtained resolution on its merits in a previous proceeding of sentence attack, and where he has permitted that determination of fact against him and its basis to stand without any attempted appellate challenge and review.

For purposes of appellant's right to demand that the validity of his sentence be relitigated on his present application, his previous habeas corpus attack would have the same relationship to his motion under 28 U.S.C.A. § 2255 that it would have had to an attempt on his part to bring another habeas corpus proceeding, if section 2255 had not been enacted. See United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

In considering then whether the trial court abused its discretion in not allowing appellant to relitigate the validity of his sentence, it properly may be noted that the basis of his present attack is the same as in the habeas corpus proceeding; that the evidence intended to be offered by him is concededly the same; that no invalidity or violation of process in the hearing or in the determination upon which the finding made in the habeas corpus proceeding rests is claimed to exist; that appellant is simply attempting to obtain, on the same evidence and by means of the same processes, a different finding than that made in the previous proceeding upon the question of whether he did or did not in fact know of his right to have counsel appointed for him and had or had not, with intelligent and understanding intent, waived such assistance in making his plea and in indicating his desire to have his sentence disposed of; that he undertakes now to brush aside the resolution made of that question on its merits of fact, setting and credibility with the statement in his brief merely that the

finding is "without merit and contrary to the facts;" and also that the situation is one that stood before the trial court and stands here without any denial by appellant of his guilt or any claim of inducement in any way by anyone in making the plea he did, but solely as a reiteration of his original contention and of his attempt to have it determined, that he did not have the assistance of counsel, was not informed by the trial court of his right to appointed counsel, did not know of his right to request such assistance, and did not understandingly intend and desire to waive such assistance in making his plea.

It must be borne in mind that what the law guarantees to an individual in the resolution of any justiciable question is legally satisfactory process, not personally satisfying result. And where such processes have once been called into play and have operated to produce a particular result on the merits of the question, under existing jurisdiction, a litigant, whether civil or criminal, has had all that he is entitled generally to demand from the law as a matter of right. Hence, as previously indicated, a trial court may, even where the bar of res judicata is not technically applicable, as in habeas corpus proceedings, refuse ordinarily to give a litigant the opportunity to have such a question redetermined in another proceeding, brought for the purpose or in the hope of obtaining a different result—and especially so where the question is controllingly one of resolving a fact.

Here, then, it is not sufficient to obtain a reversal of the denial of appellant's attempt to relitigate, for him merely to assert that the finding of the court in the habeas corpus proceeding, that he competently and intelligently waived his right to the assistance of counsel, was wrong, and that he should in consequence be given the opportunity to retry the question on the basis of its factual merits in another proceeding. He has had his day in court on the question of factual merits, upon unassailed processes, and without any attempted appellate overturning of the result. Unless therefore that factual determination can be claimed to be legally void—not simply allegedly wrong—we do not think that it can be said that the court had no right to deny him a hearing upon his present motion.

In our opinion, the factual determination of waiver made in the habeas corpus proceeding cannot in the present situation be claimed to be void, unless the knowledge and the intent to forego the assistance of counsel, which, under the unappealed finding, the trial court was entitled to regard as having existed, would not be capable of giving rise, as a matter of law, to a waiver of such assistance, where the sentencing court had not expressly made declaration in the courtroom to the prisoner of the right to such assistance. Here, it had been admitted in the deposition of the sentencing judge, since deceased, taken in the habeas corpus proceeding, that nothing had actually been said at the time appellant entered his plea about his right to the appointment and assistance of counsel.

The deposition further showed, however, that appellant had expressed the desire to be permitted to appear before the court and plead guilty; that, when he so appeared, he stated that he understood the charge against him and desired to plead guilty to it; that he asked leave to make a statement in his own behalf and apparently sought by frank admission of his guilt and a detailed account of the circumstances of the crime to gain leniency from the court; and that the atmosphere of the sentencing proceedings had been leisurely and unrestrained, with appellant being allowed to consume from 45 minutes to an hour of courtroom time and with the situation thus being capable of impressing on all its elements that he was not without intelligence and at-homeness in what he was doing.

All of these circumstances and their probative indicativeness were before the court in the habeas corpus proceeding, as well as the fact that the situation was without claim that appellant had been induced by anyone in any way to make his plea, together with the opportunity afforded for evaluating his intelligence, knowledge and veracity from his statements and demeanor

on the stand, in the court's testing and resolving of whether he could be regarded as actually having acted with knowledge of his right to the appointment of counsel and with understanding desire to waive such assistance in what he did, or whether he was in fact and effect, as a matter of lack of knowledge and failure of the court to inform, deprived of the assistance of counsel, which he otherwise would have wanted. What other evidence, if any, may have been before the court is not shown.

In its ultimate analysis, it seems to us that the question here thus gets down to whether such a declaration as has been made by the Supreme Court in the case of Von Moltke v. Gillies, 332 U.S. 708, 722, 723, 68 S.Ct. 316, 322, 92 L.Ed. 309, that "It is the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right at every stage of the proceedings," is required to be read as intended to lay down as an absolute rule of law that no waiver of counsel can or will be permitted to exist unless the trial court has expressly made statement in the courtroom to a prisoner of his right to such assistance, or whether it is entitled to be read as rather being emphasizive of a precautionary and responsible rule of practice on the part of the trial judge, which ought as a protection to the prisoner to be scrupulously observed.

We do not believe that the Supreme Court meant to hold that jurisdiction cannot at all exist in a trial court to accept a plea of guilty or to impose sentence upon such a plea, unless the court has first made formal declaration from the bench of the prisoner's right to the appointment and assistance of counsel and has engaged in supplementary inquiry, and that all sentences which have in the judicial informalities of the past half century or more been so pronounced must consequently be branded as legal nullities and void incarcerations, regardless of whether the prisoner in fact knew of his right to such appointment and whether he understandingly intended at the time to forego such assistance. At least, we do not think that any such legal concept has heretofore obtained in the federal system. Always the question seems to have been regarded as being one of appraising, on all the probative elements and circumstances of each particular situation, whether as a matter of knowledge and intent on the part of the prisoner, there existed in fact a competent and intelligent waiver by him of the assistance of counsel in what he did—and the prisoner has been required to assume the unsuperficial burden of establishing and satisfying that no such waiver by him did in fact exist. Cf. Johnson v. Zerbst, 304 U.S. 458, 467, 468, 58 S.Ct. 1019, 82 L.Ed. 1461.

Such an appraisal appellant has judicially had; against its result there has been no appellate challenge; and no excuse has been shown why such a review was not sought, if appellant regarded the determined fact as not being in fairness entitled to stand.

We accordingly agree with the trial court that the determination made in the habeas corpus proceeding that appellant had competently and intelligently waived his right to the assistance of counsel, constituting a finding derived from the consideration of probative evidence, resting on process not assailed as being invalid, and not made the subject of appellate challenge or review, had such legal stature as to be entitled on its face to be accepted as sufficiently settling the question of fact on which the sentencing court's jurisdiction depended and warranting the denying to appellant of the opportunity to relitigate this determined fact for further predicatory purposes.

Nor of course can appellant ask in this proceeding for an appellate review of the finding made in the habeas corpus case. Whatever considerations might have been urged or might have weighed on an appellate challenge against the finding of waiver there made, these are not the dominating considerations in the attempt here to relitigate the question by means of another proceeding. It may be observed that the case

of Cherrie v. United States, 10 Cir., 179 F.2d 94, upon which appellant leans, in the court's emphasis there of the weight which ought to be given generally to a sentencing court's failure to make statement of a prisoner's right to the appointment of counsel, when a court is called upon to determine the validity of a prisoner's sentence as a question of waiver, is a rule for guidance in the initial effort of a prisoner to have the question of waiver determined and is not a license for allowing him to seek repetitive determinations of the question.

The Cherrie case cannot, any more than the Von Moltke case, supra, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, be said, we think, to hold that all sentences imposed, where the court has not actually made declaration to the prisoner of his right to the appointment and assistance of counsel, are ipso facto void. It recognizes, as have the previous decisions, that the matter is one for appraisal as a quesion of waiver, on all of the probative facts and circumstances of the situation, including the intelligence, knowledge, experience, understanding, conduct, etc. of the prisoner, and the setting in which the sentencing has occurred, with the prisoner having the burden of establishing on the whole situation that no such waiver by him did in fact exist.

A determination thus initially made is of course entitled to be subjected to appellate challenge and testing. But, as we have said, where a determination of the question of waiver has once judicially been made, as a finding of fact arrived at from the consideration and evaluation of probative evidence, resting on process not assailed as being invalid, and not attempted to be made the subject of appellate challenge or review, a prisoner does not have any general right to demand that the factual determination thus made be ignored and be subjected to resolution in another proceeding, in order predicatorily to give him another chance to attack his sentence. Such determinations on the merits by one court are not required to be re-tried by another court in order to test the merit of the determination. If a court has to engage in making a test of the merit of a determination on the merits, then

the rule that a prisoner is not entitled to have the validity of his sentence repetitively tested by the courts on the merits obviously would be meaningless.

Affirmed.