**LEXINGTON HOUSING AUTHORITY,**
Plaintiff,

v.

**CONTINENTAL CASUALTY COM-
PANY, Defendant.**

Civ. A. No. 1256.

United States District Court
W. D. Tennessee, E. D.

Nov. 8, 1962.

Charlie Walker, Joe C. Davis, Lexington, Tenn., for plaintiff.

Spragins, Menzies, & Spragins, Jackson, Tenn., Alex McLennan, Atlanta, Ga., for defendant.

BAILEY BROWN, District Judge.

This action was tried by the Court sitting without a jury, and this memorandum decision is being prepared and filed in lieu of findings of fact and conclusions of law.

Prior to July 21, 1959, plaintiff, Lexington Housing Authority, a Tennessee corporation, entered into an agreement with the Public Housing Administration (hereafter called PHA) to borrow a sum of money for the purpose of constructing a low rent housing development in Lexington, Tennessee.

Plaintiff then published an invitation to bid in various newspapers, reserving therein the right to reject all bids but providing that no bid submitted could be withdrawn within thirty days after the opening of the bids on July 21, 1959.

Pursuant to this invitation, A. B. Newton & Company (hereafter called A. B. Newton) of Atlanta, Georgia, submitted a low bid of $597,743. This bid likewise provided that plaintiff could reject all bids but that the bid could not be withdrawn for thirty days following the opening. It also provided that acceptance of the bid must be in writing. Defendant, Continental Casualty Company, an Illinois corporation, executed as surety the required bid bond in an amount equal to 5% of the bid, or $29,887.15. The bid bond, in general, conditioned defendant's liability on A. B. Newton's breach of its obligations contained in the bid.

After the bid opening on July 21, 1959, and the determination that A. B. Newton was low bidder, the Commissioners and Executive Director of plaintiff, together with a representative of A. B. Newton, and others convened at the office of plaintiff and an oral motion was passed by the Commissioners conditionally accepting A. B. Newton's bid, subject to approval by PHA. The minutes reflecting this conditional acceptance were put in writing the next day, but no written acceptance, conditional or unconditional, was given to A. B. Newton.

The bid was only conditionally accepted by plaintiff, subject to approval by the PHA, because it was necessary, under the loan agreement plaintiff had, that the PHA approve the amount of the bid and also approve negotiated unit prices for certain classes of work not specifically covered by the bid.

The Executive Director testified that immediately after the oral motion of conditional acceptance was passed, he called the PHA in Atlanta and obtained approval of unconditional acceptance of the bid from a person who represented herself to be the secretary of the official who had authority to give such approval. There is no evidence that this secretary had authority to give such approval, particularly when the unit prices had not yet been negotiated, and the Court therefore finds that approval of the PHA was not thereby obtained even if the secretary purported to approve.

On July 22, 1959, the next day after the bid opening, A. B. Newton wired plaintiff that, because of an error made in preparing its bid, it was withdrawing its bid and cancelling its bid bond. A. B. Newton had no reasonable excuse for making the error, if in fact it made one, and plaintiff had no knowledge of the error at the time the bid was opened and conditionally accepted.

On July 27, 1959, representatives of plaintiff and A. B. Newton met in the offices of the PHA at Atlanta. Plaintiff was there advised that A. B. Newton stood on its withdrawal of the bid but that it would not be necessary for plaintiff, to preserve any rights it might have, to prepare and formally tender a written contract for the construction of the housing development as was required under the terms of the bid.

Thereafter plaintiff let this contract to the second low bidder for a consideration of $649,000 and filed suit against defendant on the bid bond for damages in the Chancery Court of Henderson

County, Tennessee. Defendant then removed the action to this court.

This court has jurisdiction of this action because there is diversity of citizenship and the amount involved exceeds $10,000 exclusive of interest and costs. It also has jurisdiction of the defendant; defendant initially attacked the validity of the service of process but waived this defense at the trial.

It appears that plaintiff lost the bond on which it sued prior to filing suit, and defendant, in its amended answer, demanded proof that it actually executed the bond in question. The Court finds, as heretofore indicated, that defendant did execute the bond and in the form of the exhibit attached to its original answer.

Defendant's real defense to this action is based on these propositions: first, that defendant could not be liable as surety on the bond unless A. B. Newton, the principal, is liable thereon; second, that A. B. Newton could not be liable on the bond unless it is liable on the bid itself; and third, A. B. Newton is not liable on the bid because it could and did effectively withdraw its bid by its telegram to plaintiff on July 22, 1959.

■ Generally, a surety is not liable unless his principal is liable on the bond, and no exception to this rule is applicable here. City of Nashville v. Singer & Johnson Fertilizer Co., 127 Tenn. 107, 153 S.W. 838 (1912); 50 Am.Jur., Suretyship, Sec. 30.

Further, A. B. Newton would not be liable on the bond unless it is liable on its bid. The bond itself provides, as does the bid, that the bid would not be withdrawn within a period of thirty days following opening and that A. B. Newton would execute a written contract if the bid was accepted. In short, from the surrounding circumstances and the very terms of the bond, it is obvious that the bond was intended to be a guaranty of the performance undertaken by A. B. Newton in submitting its bid. This was held to be the purpose and the legal effect of the furnishing of a bid bond in a case

strikingly similar to this case. Peerless Casualty Co. v. Housing Authority of the City of Hazelhurst, 228 F.2d 376, 381 (5th Cir., 1955).

■ In support of its position that the bid was effectively withdrawn by A. B. Newton, defendant first contends that A. B. Newton had a right to do so in any event because of a mistake made in the preparation of its bid. However, the Court finds, as heretofore indicated, that no reasonable excuse for the mistake was shown and that no knowledge of the mistake on the part of plaintiff was shown. Accordingly, the mistake, if there was one, was not a ground for withdrawal of the bid. Peerless Casualty Co. case, supra, at p. 379; 53 Am.Jur., Public Works and Contracts, Sec. 63.

In further support of its contention that the bid was effectively withdrawn by A. B. Newton, defendant asserts that A. B. Newton was not legally bound to leave its bid or offer open for thirty days, there being no consideration for its undertaking to do so, and that it withdrew its bid or offer before it was effectively accepted by plaintiff.

■■ It seems clear that there was no consideration for A. B. Newton's promise to leave its bid or offer open for thirty days. Plaintiff had reserved the right to reject all bids. Peerless Casualty Co. case, supra, at p. 380. Plaintiff argues that its expenditures for publication of the invitation to bid would constitute consideration. It is true that reliance by the promisee may be consideration for a promise, if at the time the promise is made the promisor should reasonably expect to induce the reliance and the reliance is in fact induced. Restatement, Contracts, Sec. 90. But here the expenditures for publishing the invitation to bid occurred *before* A. B. Newton made its bid, and therefore the bid could not have been expected to induce these expenditures and did not in fact induce them. It follows that A. B. Newton was free to withdraw its bid or offer at any time prior to an effective acceptance by plaintiff. For in the absence of a bind-

ing option, the offeror may withdraw the offer prior to an effective acceptance. Hoover Motor Express Co., Inc. v. Clements Paper Co., 193 Tenn. 6, 241 S.W.2d 851 (1950).

As stated, on July 21 plaintiff orally accepted A. B. Newton's bid, the acceptance being conditioned on approval by the PHA. And on July 22, A. B. Newton withdrew its bid. We therefore have only the remaining question whether this was an effective acceptance prior to the withdrawal on July 22.

█ █ A conditional acceptance such as this does not bind the offeror. The reason is that there is no assent to enter into an immediate bargain. Peerless Casualty Co. case, supra, at p. 378; 1 Williston on Contracts, Rev.Ed., Sec. 77 A. Nor did the approval by the PHA, upon which the acceptance of A. B. Newton's bid was conditioned, occur prior to the withdrawal of the bid. Thus A. B. Newton had the right to withdraw its bid when it did so.

As stated, A. B. Newton's bid required that acceptance be in writing, and the Court has heretofore found that the conditional acceptance by plaintiff on July 21 was not communicated in writing to A. B. Newton prior to its withdrawal of its bid. An offeror can require notice of acceptance in any form that he pleases. 1 Corbin on Contracts, Sec. 67. For this additional reason, A. B. Newton had the right to withdraw the bid when it did so.

█ Plaintiff argues that at the meeting in the office of the PHA on July 27, A. B. Newton waived the requirement that the acceptance be in writing. In response to this argument, it is enough to say that the Court construes that statement as waiving only the necessity that plaintiff, to preserve its rights, prepare and tender a formal, written contract for the construction of the housing development.

It results that a judgment will be entered for the defendant.