**Milton Jerome WILLARD, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Federal Bureau of Investigation, Defendants-Appellees.**

**No. 28300**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1970.
Certiorari Denied May 18, 1970.
See 90 S.Ct. 1714.

Milton Jerome Willard, pro se.

H. M. Ray, U. S. Atty., William M. Dye, Jr., Asst. U. S. Atty., Oxford, Miss., for appellees.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

██ Willard, who was convicted of conspiracy and bank robbery, violations of 18 U.S.C.A. §§ 371, 2113(a), and 2113(d),[1] is here seeking to recover one million dollars ($1,000,000) damages for alleged wrongs inflicted upon him by the F.B.I. agents who questioned and obtained confessions from him concerning the bank robbery. The action was brought in forma pauperis and the District Court dismissed it pursuant to 28 U.S.C.A. § 1915(d).[2] We believe that there was no abuse of the discretion granted under that statute and affirm.[3]

Willard's basic complaint is that the F.B.I. agents denied him access to medicine and medical attention during the period of his custody from November 10, 1966 through November 15, 1966. This same complaint was also the basis of a motion for a new trial in the criminal proceeding. A hearing was held on this motion for new trial, Willard was allowed to call witnesses in his behalf, he was represented by counsel, and a transcript of the proceedings was made. The Court, however, found that there was no basis to his allegations and denied his motion for a new trial.

Here the District Court had access to and used the transcript of that hearing and the findings of the District Court in the criminal proceeding. And it was on the basis of this extensive exploration of the factual background that the District Court dismissed Willard's complaint. The effect of this was to expand the pleadings to bring before the Court all that Willard would be able to prove were he allowed to file the complaint. This dismissal took place only after all of this material and the pleadings had been reviewed and both the government and Willard had an opportunity to present briefs to Court. The District Court's action was clearly justified.

██ First, under 28 U.S.C.A. § 1915(d) the District Court has rather wide discretion in determining whether a plaintiff should be allowed to proceed in forma pauperis. Williams v. Field, 9 Cir., 1968, 394 F.2d 329, *cert. denied*, 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171; Irwin v. Burson, 5 Cir., 1967, 389 F.2d 63. And here the District Court exercised a great deal of care in examining the factual background as presented in the transcript of the hearing in the criminal proceeding. Thus this dismissal cannot appropriately be said to be on the pleadings alone. The Court had a definite, factual basis for concluding that the claim asserted was so lacking in substance as to be frivolous.

 Although we need not put it categorically in such terms, the factual background from the prior proceeding gained added significance through notions akin to collateral estoppel. The issues were in practical effect identical. Once determined between essentially the same parties, reexamination is not permitted. Of course, it is beyond question that a prior criminal proceeding can have a collateral estoppel effect in the subsequent civil action. Local 167 of In-

1. On direct appeal this Court affirmed the convictions. Willard v. United States, 5 Cir., 1968, 393 F.2d 119, *cert. denied*, 393 U.S. 887, 89 S.Ct. 201, 21 L.Ed.2d 164.

2. 28 U.S.C.A. § 1915(d) provides that the District Court may dismiss a case brought in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

3. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

ternational Brotherhood of Teamsters, Chauffeurs, Stablemen, & Helpers of America v. United States, 1934, 291 U.S. 293, 298, 54 S.Ct. 396, 398, 78 L.Ed. 804, 809. See also Sealfon v. United States, 1948, 332 U.S. 575, 68 S.Ct. 237, 92 L. Ed. 180. This general rule is not changed by the fact that the action is brought by the person convicted in the prior criminal action instead of the usual case where the government brings civil action to recover damages subsequent to a criminal conviction. The requisite mutuality of parties clearly exists this way around, too. See J. Moore & T. Currier, 1B Moore's Federal Practice, ¶ 0.418 [1] at 2702–13.

Affirmed.