Robert L. DROYSEN, Plaintiff,

v.

Ronald HANSEN et al., Defendants.

Civ. A. No. 72-C-544.

United States District Court,
E. D. Wisconsin.·

Aug. 16, 1973.

Victor C. Cairo, Racine, Wis., for plaintiff.

Jack Harvey, City Atty., Edward A. Krenzke, Deputy City Atty., and William F. Bock, Asst. City Atty., Racine, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff contends he was illegally arrested for pandering in July 1972. He brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 for monetary relief. Defendants move to dismiss this action.

■ An action for an illegal arrest, i. e., an arrest without probable cause to believe the accused has violated a criminal statute, may be brought under 42 U.S.C. § 1983. Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971); MacDonald v. Musick, 425 F.2d 373 (9th Cir.1970); Kerr v. Chicago, 424 F.2d 1134 (7th Cir.1970); Joseph v. Rowlen, 402 F.2d 367 (7th Cir.1968); Marland v. Heyse, 315 F.2d 312 (10th Cir.1963). Ever since the Supreme Court decision of Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed.2d 492 (1961), a wide variety of tort actions, once the exclusive concern of the state judiciary, are properly presented to the federal courts under § 1983. In his concurring opinion in *Monroe*, Justice Frankfurter suggested the effect of that decision by summa-

rizing the attitude that had existed in the past:

" * * * Most courts have refused to convert what would otherwise be ordinary state-law claims for false imprisonment or malicious prosecution or assault and battery into civil rights cases on the basis of conclusory allegations of constitutional violation. * * * " Monroe v. Pape, 365 U.S. at 240 n. 68, 81 S.Ct. at 512.

▇▇▇ Plaintiff does not state a claim under 42 U.S.C. § 1985, however. Conclusory allegations of conspiracy, without any specification of the agreement forming the conspiracy, are insufficient. Powell v. Workmen's Compensation Board of State of New York, 327 F.2d 131 (2d Cir.1964); Thompson v. Heither, 235 F.2d 176 (6th Cir.1956); Post v. Payton, 323 F.Supp. 799 (E.D. N.Y.1971); Weise v. Reisner, 318 F. Supp. 580 (E.D.Wis.1970). Moreover, the plaintiff's claim rests on considerations of due process, not equal protection. He has not alleged the invidious discrimination which § 1985 was designed to prohibit. If, in fact, the defendants conspired to cause an illegal arrest and the arrest that resulted was illegal, § 1983 is capable of providing plaintiff full relief, and recourse to § 1985 is not necessary.

On a motion to dismiss, the allegations of fact in plaintiff's complaint are taken as true, and all inferences from those facts are drawn in plaintiff's favor. Defendants' affidavits which dispute the factual allegations have no bearing on such a motion.

It is therefore ordered that defendants' motion to dismiss the claim under 42 U.S.C. § 1985 be and it hereby is granted.

It is further ordered that defendants' motion to dismiss the claim under 42 U. S.C. § 1983 be and it hereby is denied.