Enoch DICKINSON, Jr., Plaintiff-Appellant,

v.

CHIEF OF POLICE et al., Defendants-Appellees.

No. 74-1839

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 28, 1974.

Rehearing Denied Sept. 25, 1974.

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 431 F.2d 409, Part I (5th Cir. 1970).

Enoch Dickinson, Jr., pro se.

William J. Baxley, Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

The complaint initiating this damage action under 42 U.S.C. §§ 1981 and 1983 charged numerous officials connected with Dickinson's incarceration in the Mobile City Jail pending his federal trial for mail fraud, with maliciously denying him essential medical attention. He avers that he sought treatment for stomach pains, dizzy spells and severe cramping but was given nothing other than "indigestion tablets." He further avers that during the course of his incarceration a physician made a cursory examination that failed to detect his medical disability. Finally, he avers that immediately upon being transferred to a United States penitentiary he was found to be suffering from low blood pressure, a bleeding peptic ulcer and abnormal blood circulation. The complaint sought monetary damages from the defendant officials.

Without a hearing and before an answer was filed, the district court dismissed the complaint as frivolous. In considering the action of the district court our standard of review is set forth in Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972). Unless the court can say with assurance that under the allegations of the *pro se* complaint, which is subject to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the complaint should not be summarily dismissed.

Our review of the record convinces us that the district court gave careful consideration to the allegations of the complaint and correctly concluded that the evidence of record and the knowledge gained by the district court during the plaintiff's mail fraud trial completely rebutted the allegations of the complaint.

During the first day of the criminal trial Dickinson was present in court and appeared to be normal in every respect. The court observed that he assisted his counsel, aided in striking the jury and otherwise conducted himself in a usual

and normal manner. On the second day he appeared in court without his shoes; he refused to stand when the court was called into session, and he placed his head on the counsel table and refused to raise it. At the instruction of the court the Marshal was required to physically raise his head from the table in order for witnesses to identify him. The court conducted several in camera examinations of him and interrogated him as to any difficulties he was experiencing. On one occasion he turned from the court and began to walk away. The court made specific inquiry as to why he refused to wear shoes and why he refused to raise his head from the counsel table. He refused to make any response or to advise the court of his difficulties, if any.

Finally, the court instructed the Marshal to obtain a physician to examine Dickinson. The examination was conducted by Dr. Dumas who gave a terse report in which he stated that Dickinson was physically and mentally able to stand trial and that he could find no significant medical problems at that time. We realize that the record discloses that when Dickinson was admitted to the Atlanta Penitentiary he was placed in the hospital. It was found that his hemoglobin and hematocrit were low and his final diagnosis at discharge was "peptic ulcer disease." The prison psychiatrist concluded that there was no indication of any mental illness. After treatment he was discharged from the prison hospital and returned to a regular cell house. But he refused to enter the cell and the Penitientiary physician's report shows he was placed in segregation for refusing to obey an order to enter the cell.

As noted above, the court carefully undertook to ascertain whether Dickinson was suffering from any difficulty and repeatedly questioned Dickinson without any response or cooperation. The court further observed that Dickinson had filed many frivolous writs in the court and was well known to the trial judge.

In view of the foregoing findings of fact, the court's personal knowledge of events which transpired during the trial on the mail fraud charge and the reports of the physicians, we believe the district court properly concluded that the petition was frivolous under the standards of Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972).

The quality of justice dispensed to all litigants would be reduced if a time consuming evidentiary hearing was required even when the trial judge is intimately aware of the factual background of a prisoner's *pro se* complaint.[1] Our holding in Willard v. United States, 422 F.2d 810 (5th Cir. 1970) is applicable to the case at bar:

> [T]he District Court exercised a great deal of care in examining the factual background as presented in the transcript of the hearing in the criminal proceeding. Thus this dismissal cannot appropriately be said to be on the pleadings alone. The Court had a definite, factual basis for concluding that the claim asserted was so lacking in substance as to be frivolous.

Affirmed.

---

1. As we said in United States v. Curry, 497 F.2d 99, 101 (5th Cir. 1974) "the acumen gained by the trial judge who presided during the entire course of these proceedings makes him well qualified to rule on the motion . . . and makes a time consuming hearing unnecessary." *See also* Bryan v. United States, 492 F.2d 775 (5th Cir. 1974) (en banc) where an evidentiary hearing was not held on an allegation of a broken plea bargain when the record refuted such a claim.