Jerry Wayne SMITH, Plaintiff,

v.

Gary E. SINCLAIR, Deputy Sheriff, Kay County, Newkirk, Oklahoma, et al., Defendants.

No. CIV–76–006–D.

United States District Court, W. D. Oklahoma.

June 25, 1976.

Jerry Wayne Smith, pro se.

Robert J. Petrick, Oklahoma City, Okl., for defendant Sixkiller.

John W. Raley, Jr., Ponca City, Okl., for defendants Sinclair and Linton.

Dale L. Astle, Ponca City, Okl., for defendant Albright Title & Trust.

## ORDER

DAUGHERTY, Chief Judge.

The plaintiff has filed herein an Amended Complaint in which he contends that the defendants have committed acts which violate various Civil Rights Statutes, 42 U.S.C. §§ 1983, 1985 and 1986. He asserts that jurisdiction arises under 28 U.S.C. § 1343(3) and (4). Defendants have filed Motions to Dismiss or for Summary Judgment to plaintiff's Amended Complaint. The plaintiff has responded thereto and requests an evidentiary hearing on the Motions.

After examining the files and records herein together with the Opinion of the Court of Appeals for the Tenth Circuit in *United States v. Carroll James Miller and Jerry Wayne Smith,* 532 F.2d 1335, decided April 1, 1976, it would appear to be undisputed that the Fourth National Bank in Wichita, Kansas, was robbed in the early morning hours of January 6, 1975. The plaintiff and one Carroll James Miller were stopped and arrested while they were driving south on Interstate Highway 35 in Kay County, Oklahoma, by the defendants herein. Defendant Gary Sinclair was a Deputy Sheriff for Kay County. Defendant Leon Pete Linton, was Chief of Police, Tonkawa, Oklahoma. Defendant Roger Sixkiller was an Oklahoma Highway Patrol Trooper. Subsequent to the arrest a warrant to search the vehicle in which the plaintiff was traveling was issued by the State District Judge of Kay County, Oklahoma upon the affidavit of defendant Sinclair. The search revealed the Security Guard's hat from the bank, gun and glasses as well as a leather case which had been taken from the guard's pickup truck. The contents of the bank night depository, together with a briefcase containing wire similar to that used in the robbery were also found. In Case No. 75–41–CR–6, United States District Court for the District of Kansas, plaintiff together with Miller, was convicted on February 10, 1975, of charges contained in a two-count

Indictment, alleging in Count I Robbery of said National Bank in Wichita, Kansas, contrary to 18 U.S.C. § 2113(a), and in Count II the Interstate Transportation of Stolen Money and Securities in excess of $5000 in violation of 18 U.S.C. § 2314. On April 7, 1975, the plaintiff was sentenced to imprisonment for a period of 20 years on Count I and 10 years on Count II, to run concurrent. In its Opinion filed April 1, 1976, referred to above the Court of Appeals affirmed the judgment of the District Court. Thereafter, as a result of these same series of events in the District Court of Sedgwick County, Kansas, Case No. CR–11521 the plaintiff was convicted after trial by jury on November 25, 1975, of one count of Aggravated Robbery, one count of Aggravated Kidnapping, and three counts of Kidnapping. He received a life sentence for the Aggravated Kidnapping and 15 years to life on the other convictions. All of his Kansas sentences were concurrent with each other and with the federal sentence.

It is in this context of incontrovertible facts that the plaintiff alleges that the defendants deprived him, and conspired to do so, of the following Civil Rights:

"(A) His right guaranteed by the Fifth, Fourteenth, and Fourth amendment, to be free from arbitrary denial of liberty without due process of law;

(B) His right, guaranteed by the fourth amendment to be free from illegal seizure of his person, papers, and effects;

(C) His right, guaranteed by the fourth, fifth, and fourteenth amendment, to not have false testimony used against him in a court of law."

The plaintiff can recover in this proceeding on the first two violations alleged only if he can prove an unconstitutional arrest, search and seizure. These issues were specifically litigated in plaintiff's federal trial and considered on direct appeal. Since the plaintiff appeared pro se with co-counsel in a subsequent Kansas trial it is reasonable to assume that he also unsuccessfully presented these same issues to the Kansas courts. ▆▆ The principles of res judicata are applicable to suits under the Civil Rights Act. *Spence v. Latting,* 512 F.2d 93 (CA10 1975). The Civil Rights Statute was not designed to sponsor career litigants or permit duplicative efforts to prevail. This conclusion is required in the interest of judicial economy and the equity of protecting opposing parties, usually government officials, from vexatious duplicating litigation. *Thistlethwaite v. City of New York,* 362 F.Supp. 88 (S.D.N.Y.1973). The doctrine of issue preclusion prevents the relitigation in this suit of the issues concerning plaintiff's arrest and the subsequent search. *Metros v. United States District Court for District of Colorado,* 441 F.2d 313 (CA10 1971). These were precisely the same issues presented to the federal court in his bank robbery trial and directly determined by the court adversely to him. See *Emich Motor Corporation v. General Motors Corporation,* 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951); *Hooper v. Guthrie,* 390 F.Supp. 1327 (W.D.Pa.1975). Although the present defendants were not parties to that proceeding the plaintiff is nevertheless estopped from litigating those issues under all the circumstances here presented. As pointed out in *Rachal v. Hill,* 435 F.2d 59, 61 (CA5 1970), cert. denied 403 U.S. 904, 91 S.Ct. 2203, 29 L.Ed.2d 680 this is the modern trend of authorities:

"Although many states still honor the rule of mutuality of estoppel, the modern trend has been to discard the rule and preclude a party from relitigating an issue decided against him in a prior action, even if the party asserting the estoppel was a stranger to the prior action. See *DeWitt v. Hall,* 19 N.Y.2d 141, 278 N.Y. S.2d 596, 225 N.E.2d 195, 31 A.L.R.3d 1035 (1967). The federal rule comports with the modern trend and thus it is clear that the requirements of mutuality need not be met for collateral estoppel to be applied in an action presenting a federal question in the courts of the United States."

Therefore, it is the general rule that:

" . . . a party who has had one fair trial and full opportunity to prove a claim and has failed in that effort, should not

be permitted to go to trial on the merits of that claim a second time." *Bruszewski v. United States,* 181 F.2d 419, 421 (CA3 1950), cert. denied 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632.

In discussing this question in *Moran v. Mitchell,* 354 F.Supp. 86, 89 (E.D.Va.1973) the court stated:

> "A more serious objection raised by the plaintiff is that collateral estoppel cannot apply in this case because there is no mutuality of parties. Specifically it is asserted that the defendants in this action were only witnesses in the criminal proceedings, not parties. This argument, though superficially appealing, does not stand under close scrutiny. While a criminal action is brought in the name of the State, all of the law enforcement officers who worked toward the prosecution are, in essence, parties to the action. The litigation is, in a very real sense, between them and the defendant. Particularly is this so in a suppression hearing, where it is the conduct of the police officers which is directly attacked by the defendant, thus establishing the sort of advocacy that is normally associated with mutuality doctrine."

Since the application of collateral estoppel is no longer grounded upon the mechanical requirements of mutuality, the plaintiff cannot recover herein on the same underlying facts and legal contentions although he has added a conspiracy claim and asserted a violation of the Civil Rights Act. *P.I. Enterprises, Inc. v. Cataldo,* 457 F.2d 1012 (CA1 1972). A similar situation was presented in *Willard v. United States,* 422 F.2d 810 (CA5 1970), cert. denied, 398 U.S. 913, 90 S.Ct. 1714, 26 L.Ed.2d 76. There, in an action against the United States and F.B.I. Agents, the plaintiff, who was convicted of conspiracy and bank robbery, was seeking to recover $1,000,000 damages for alleged wrongs inflicted upon him by the F.B.I. Agents who questioned and obtained confessions from him concerning the bank robbery. His same complaint was also the basis of a Motion for a New Trial in the criminal proceedings. A hearing had been held on the Motion for New Trial in which the plaintiff had been represented by counsel and allowed to call witnesses in his behalf. After the evidentiary hearing the court found that there was no basis for his allegations and denied his Motion for a New Trial. The subsequent action for damages was brought in forma pauperis and the District Court dismissed it pursuant to 28 U.S.C. § 1915(d). The appeals court affirmed stating:

> "Although we need not put it categorically in such terms the factual background from the prior proceedings gained added significance through notions akin to collateral estoppel. The issues were in practical effect identical. Once determined between essentially the same parties, re-examination is not permitted.

In *Collins v. United States,* 206 F.2d 918, 921 (CA8 1953) the court stated:

> "It must be borne in mind that what the law guarantees to an individual in the resolution of any justiciable question is legally satisfactory process not personally satisfying result. And where such processes have once been called into play and have operated to produce a particular result on the merits of the question, under existing jurisdiction, a litigant, whether civil or criminal, has had all that he is entitled generally to demand from the law as a matter of right. Hence, as previously indicated a trial court may, even where the bar of res judicata is not technically applicable, as in habeas corpus proceedings, refuse ordinarily to give a litigant the opportunity to have such a question redetermined in another proceeding, brought for the purpose or in the hope of obtaining a different result—and especially so where the question is controllingly one of resolving of a fact."

So long as plaintiff's conviction is not vacated, corrected or amended the bar of collateral estoppel applies to any civil rights action on these same grounds which have already been adjudicated. *Brazzell v. Adams,* 493 F.2d 489 (CA5 1974). See also *Curtis v. Tower,* 262 F.2d 166 (CA6 1959).

■ It follows that the plaintiff cannot recover herein for the money and ring allegedly seized pursuant to an invalid warrant which has already been judicially declared sufficient. The whole crux of this cause of action as to these items is that the warrant was invalid. He claims no other constitutional deprivation with respect to the property. Since he is precluded from asserting the one violation upon which he has relied, he has no civil rights action as to the property. It may be that in another forum the plaintiff could establish that he is now legally entitled to the return of such items which were lawfully seized. The court in this proceeding is concerned only with the violation of constitutional rights. It can vindicate plaintiff's constitutional rights. It cannot in this proceeding provide a remedy for wrongs or possible wrongs of non-constitutional origin.

■ It may be that the issue of the defendants' veracity may also have been precluded by plaintiff's criminal trial. *Kauffman v. Moss,* 420 F.2d 1270 (CA3 1970). See also *Edwards v. Vasel,* 469 F.2d 338 (CA8 1972). In any event the court is satisfied that the Complaint fails to state a cause of action for allegedly false testimony by defendants Sinclair and Sixkiller. It broadly asserts a constitutional right not to have false testimony used against him. He alleges only that the defendants gave perjured testimony. Due process forbids the knowing use of perjured testimony by the prosecution to obtain a criminal conviction. *Mooney v. Holohan,* 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935). However, a person's constitutional rights are not violated simply because a witness may have testified falsely in his trial. *McBride v. United States,* 446 F.2d 229 (CA10 1971). Allegations of perjury alone on the part of police officers are not sufficient to state a claim under the Civil Rights Act. *Hurlburt v. Graham,* 323 F.2d 723 (CA6 1963). In *Johnson v. Stone,* 268 F.2d 803 (CA7 1959) the plaintiff brought an action for damages under §§ 1983 and 1985 of Title 42, United States Code. He alleged that the defendants who were plaintiffs in a State action, their attorneys and witnesses, conspired through introduction of perjured and slanderous testimony to deprive him of equal protection in a state lawsuit. The federal court dismissed this action for failure to state a claim.

■ It is fundamental that in the absence of statute an unsuccessful litigant may not maintain a civil suit for damages against a person for alleged perjury committed by him in a civil action, a criminal prosecution or other proceeding, either as a party or as a witness. *Liddell v. Smith,* 345 F.2d 491 (CA7 1965); *Morgan v. Graham,* 228 F.2d 625 (CA10 1956). In order for a defendant to be liable under 42 U.S.C. § 1983 it is essential that he must have acted under color of state law to cause the denial of a federally protected right. *Espinoza v. Rogers,* 470 F.2d 1174 (CA10 1972). Here allegedly defendants Sinclair and Sixkiller testified against the plaintiff in both of his criminal trials in federal court and the Kansas Court. In testifying although officers of the State of Oklahoma they did not purport to act pursuant to any State law but in response to the orders of the respective courts which directed them to appear to testify. A witness in a trial is not acting under color of law and his false testimony does not give rise to a cause of action under Section 1983. *Stambler v. Dillon,* 302 F.Supp. 1250 (S.D.N.Y.1969); *Pritt v. Johnson,* 264 F.Supp. 167 (N.D.Pa.1967); *Smith v. Jennings,* 148 F.Supp. 641 (D.C. Mich.1957). The fact that the witnesses may have been State officials is not significant as their evidence was presented not under color of their office but as any other witness of facts coming to their attention during the time they held such official positions. *Spires v. Bottorff,* 223 F.Supp. 441 (S.D.Ind.1963), affmd., 7 Cir., 332 F.2d 179, cert. denied, 379 U.S. 938, 85 S.Ct. 343, 13 L.Ed.2d 349, reh. denied, 379 U.S. 985, 85 S.Ct. 675, 13 L.Ed.2d 579.

■ The plaintiff's conclusory averments of conspiracy do not convert his otherwise barren Complaint into a viable lawsuit. A pro se Complaint of a prisoner is held to less stringent standards than the

formal pleadings drafted by lawyers and should not be dismissed for failure to state a claim unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under the Civil Rights Act. *Marcedes v. Barrett,* 453 F.2d 391 (CA3 1971); *United States ex rel Birnbaum v. Dolan,* 452 F.2d 1078 (CA3 1971); *Fletcher v. Hook* 446 F.2d 14 (CA3 1971); *Lamar v. 118th Judicial District of Texas,* 318 F.Supp. 285 (N.D.Tex.1971), affmd., 5 Cir. 440 F.2d 383. The courts have uniformly dismissed actions purportedly brought pursuant to 42 U.S.C. § 1985(3) which contained mere conclusory claims of constitutional deprivation unsupported by factual allegations. *Lucas v. Kale,* 364 F.Supp. 1345 (W.D.Va.1973). Here the Complaint is totally devoid of the requisite factual allegations regarding an agreement which are necessary to plead effectively a conspiracy. See *Everett v. City of Chester,* 391 F.Supp. 26 (E.D.Pa. 1975); *Wetherington v. Phillips,* 380 F.Supp. 426 (E.D.N.C.1974).

 Construed most liberally, the plaintiff has alleged in a conclusory way no more than that the defendants conspired to commit acts which he characterizes as violations of his constitutional rights which the court have held to be constitutionally permissible. It is essential to a cause of action under 42 U.S.C. § 1985(3) that the plaintiff allege that the conspiracy had as its purpose a class based invidiously discriminatory deprivation of the equal protection of the laws or of equal privileges and immunities under those laws. *Lesser v. Braniff Airways, Inc.,* 518 F.2d 538 (CA7 1975). The Amended Complaint contains no allegation of invidious class based discrimination. Plaintiff does not charge that the defendants sought to injure him as a member of any racial or otherwise identifiable group. Therefore, his allegations are legally insufficient. *McIntosh v. Garofalo,* 367 F.Supp. 501 (W.D.Pa.1973). In *Droysen v. Hansen,* 59

F.R.D. 483, 484 (E.D.Wis.1973) in dismissing an action for arrest without probable cause against various defendants pursuant to 42 U.S.C. § 1985, the court stated:

"Plaintiff does not state a claim under 42 U.S.C. § 1985, however. Conclusory allegations of conspiracy, without any specification of the agreement forming the conspiracy are insufficient. *Powell v. Workmen's Compensation Board, State of New York,* 327 F.2d 131 (2d Cir. 1964); *Thompson v. Heither,* 235 F.2d 176 (6 Cir. 1956); *Post v. Payton,* 323 F.Supp. 799 (E.D.N.Y.1971); *Weise v. Reisner,* 318 F.Supp. 580 (E.D.Wis.1970). Moreover the plaintiff's claim rests upon consideration of due process, not equal protection. He has not alleged the invidious discrimination which § 1985 was designed to prohibit."

It is thus apparent that this is an action by a convicted bank robber and kidnapper who is piqued because his criminal escapade was frustrated by the alert police work of the defendants. Unable to prevail upon his claims in his criminal trial, the only purpose of this lawsuit is to vex and harass the officers responsible for his long incarceration. He cannot possibly prevail on the merits. It is a travesty of justice that in addition to any personal hardship incidental to two trials in Kansas, these Oklahoma defendants have been put to the unwarranted personal expense of securing counsel and incurring other costs so far in this suit. This court will not further penalize the diligence of these officers whose conduct has already been reviewed by both federal and Kansas courts and found constitutionally acceptable, by permitting this malicious and frivolous action to go forward.

Accordingly, since the records examined by the court show that there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law, the plaintiff's request for an evidentiary hearing is denied and the defendants' Motions for Summary Judgment pursuant to Rule 56(c), Federal Rules of Civil Procedure will be granted and judg-

ment will be entered for all defendants in accordance with this opinion.

IT IS SO ORDERED.

## SUPPLEMENTAL OPINION

This action was brought by Plaintiff alleging his civil rights were violated by various Oklahoma law enforcement officers who apprehended Plaintiff following the commission of a bank robbery in Kansas for which Plaintiff was ultimately convicted and which conviction has been affirmed. The action was originally filed January 6, 1976 against Gary E. Sinclair, a Deputy Sheriff of Kay County, Oklahoma, and other law enforcement officers. On March 16, 1976, Plaintiff filed with the Clerk of this Court a Supplemental Petition in which he added as a party Defendant Albright Title and Trust, alleged to have been a surety for Defendant Sinclair in the performance of his duties as a deputy sheriff. Process was issued against Defendant Albright Title and Trust and it has filed an Answer in this action.

Prior to the filing of the Supplemental Petition, all Defendants to include Defendant Sinclair had Answered Plaintiff's Amended Complaint and had filed Motions to Dismiss or in the alternative for Summary Judgment. On June 24, 1976, this Court issued its Order granting said Motions and entering Judgment in favor of Defendant Sinclair and the other law enforcement officers.

An examination of the Supplemental Petition and the Answer of Defendant Albright Title and Trust discloses that said Defendant's status in this action is based solely upon its surety bond issued for Defendant Sinclair relating to the performance of his duties as a deputy sheriff at the time Plaintiff was apprehended. The Court determines *sua sponte* that Defendant Albright Title and Trust is entitled to be dismissed from this action based on the pleadings in as much as the action has been dismissed against its principal on the bond, Defendant Sinclair. Such determination is made wholly from the pleadings pursuant to Rule 12(c), Fed.Rules Civ.Proc. A surety

is not liable on a bond unless its principal is liable. *Lexington Housing Authority v. Continental Casualty Co.,* 210 F.Supp. 732 (W.D.Tenn.1962); *Broder v. Hartford Acc. & Indemnity Co.,* 106 F.Supp. 343 (D.D.C. 1952). The action is dismissed against Defendant Albright Title and Trust.