# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2026

Lyle W. Cayce
Clerk

No. 25-10387

———————————

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Robert Allen Stanford,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-298

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Appellant Robert Allen Stanford, currently imprisoned for a massive Ponzi scheme, *see United States v. Stanford*, 805 F.3d 557, 563–65 (5th Cir. 2015), raises a plethora of challenges to a judgment finding him civilly liable for violations of the Securities Act of 1933, the Securities Exchange Act of 1934, and the Investment Advisers Act of 1940. Finding no reversible error of fact or law, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10387

The SEC enforcement action against Stanford was abated during his criminal trial proceedings. Stanford eventually moved to dismiss the SEC's live complaint on multiple grounds, but the district court denied the motion. After Stanford was convicted, and while the criminal appeal was pending, the SEC moved for a partial summary judgment on the ground that Stanford's criminal convictions necessarily proved the civil claims. The district court agreed and granted summary judgment in the SEC's favor. Stanford then filed motions arguing, *inter alia*, that the SEC lacked jurisdiction because the CDs were not securities and because the bank was based in Antigua. The district court denied these motions and later entered a final judgment. Stanford appealed.

This court reviews a district court's grant of summary judgment de novo, "consider[ing] evidence in the record in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in favor of that party." *Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 275, 276 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

After carefully reviewing the briefs and the record evidence, this court holds that summary judgment was proper. Though Stanford argued that CDs are not securities, he forfeited this argument by failing to make it at the summary-judgment stage. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021). Regardless, precedent has determined that CDs *are* securities. *See Roland v. Green*, 675 F.3d 503, 514, 521 (5th Cir. 2012), *aff'd sub nom.*, *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 134 S. Ct. 1058 (2014). Stanford also forfeited his arguments on extraterritoriality, personal jurisdiction, the Seventh Amendment right to a jury trial, the Fifth Amendment due process, and the law-of-the-case doctrine: he failed to raise

2

No. 25-10387

these issues properly at the dismissal stage or the summary-judgment stage. *See Rollins*, 8 F.4th at 397 n.1, 397–98; Fᴇᴅ. R. Cɪᴠ. P. 12(h)(1).

Finally, contra Stanford's arguments, collateral estoppel is appropriate here because (1) "a prior criminal proceeding can have a collateral estoppel effect in the subsequent civil action," *Willard v. United States*, 422 F.2d 810, 811 (5th Cir. 1970) (per curiam) (citing *Loc. 167 of Int'l Bhd. of Teamsters, Chauffeurs, Stablemen & Helpers of Am. v. United States*, 291 U.S. 293, 298, 54 S. Ct. 396, 398–99 (1934)); and (2) Stanford received a "full and fair" opportunity to litigate the criminal case and did not have more "procedural opportunities" in the civil action than in the criminal one, *see Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331–33, 99 S. Ct. 645, 651–52 (1979). Accordingly, the judgment of the district court is AFFIRMED.[1]

---

[1] Stanford's motion requesting judicial notice of certain evidence is meritless and therefore DENIED.