**Robert Edward LEHMAN, Appellant,**

v.

**The CITY OF PITTSBURGH, et al.**

**No. 72–1949.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Jan. 19, 1973.

Decided Feb. 21, 1973.

John H. Bingler, Thorp, Reed & Armstrong, Pittsburgh, Pa., for appellant.

Daniel M. Curtin, Asst. City Sol., Ralph Lynch, Jr., City Sol., Pittsburgh, Pa., for appellees.

Before VAN DUSEN and ADAMS, Circuit Judges and BARLOW, District Judge.

OPINION OF THE COURT

PER CURIAM:

This is an action by Robert E. Lehman against the City of Pittsburgh, the Mayor of Pittsburgh, the Assistant Executive Secretary for Personnel of Pittsburgh, the Civil Service Commission of Pittsburgh, the President and Commissioner of the Civil Service Commission, and a second Commissioner of the Civil Service Commission. The plaintiff, who was born and raised in Pittsburgh and who since May 24, 1971 has again resided in that city, complains that he was deprived of the opportunity to apply for a Civil Service job as a result of Pittsburgh's durational residency ordinance, which requires that applicants for city employment must reside in the city for two years immediately preceding such application. Claiming that this ordinance violates his rights to equal protection of the law and deprives him of privileges and immunities secured by the Constitution and laws of the United States, plaintiff invoked the district

**22**

court's jurisdiction under 28 U.S.C. § 1343 and sought both injunctive relief and damages under 42 U.S.C. § 1983.

The district court dismissed the complaint on the grounds that (1) the court lacked subject matter jurisdiction, because the complaint failed to raise a substantial federal question; and (2) the complaint failed to state a claim upon which relief could be granted.

 We affirm that portion of the district court's order dismissing the complaint as to the City of Pittsburgh and the Civil Service Commission of Pittsburgh. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), held that a municipality is not a "person" for the purpose of § 1983 suits for damages and is not, therefore, subject to suit. This holding has been extended to bar such suits against city agencies, United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969); see Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). It has also been applied by this Court to § 1983 suits for injunctive relief. Educational Equality League v. Tate, 472 F.2d 612, n. 1 (3d Cir., filed Jan 11, 1973).

As to the individual defendants, we reverse and remand since it is clear that such officials and employees of cities and municipal agencies are "persons" for the purpose of § 1983 suits. E. g., Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Monroe v. Pape, *supra;* Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Lewis v. Kugler, 446 F.2d 1343 (3d Cir. 1971).

On the claim that Pittsburgh's durational residency ordinance denies the plaintiff the equal protection of the laws, the district court, on remand, should consider the applicability of e. g., Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Walker v. Yucht, 352 F.Supp. 85 (D.Dela., filed Dec. 6, 1972) (3-judge court) (Adams,

Circuit Judge); Wellford v. Battaglia, 343 F.Supp. 143 (D.Dela.1972) (Stapleton, J.); Krzewinski v. Kugler, 338 F. Supp. 492 (D.N.J.1972) (3-judge court)