**Jerry Lee LUCAS, Plaintiff,**

**v.**

**Officer B. L. KALE et al., Defendants.**

**Civ. A. No. 73–C–118–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 3, 1973.

---

F. Guthie Gordon, III, Lowe & Gordon, Charlottesville, Va., for plaintiff.

James R. Austin, Gentry, Locke, Rakes & Moore, Roanoke, Va., for Officers Kale and Thurston.

C. W. Allison, Jr., Covington, Va., for Wm. Cole.

## OPINION and JUDGMENT

DALTON, Chief Judge.

The plaintiff, Jerry Lee Lucas, demands judgment against the defendants Officer Cale [1] and Officer Thurston, police officers of the City of 'Covington, Virginia, and defendant Deputy Jailer Cole, employed as a jailer with the Alleghany County Sheriff's Department, in the amount of $25,000 compensatory damages and $25,000 punitive damages.

---

1. In plaintiff's complaint, Officer D. L. Cale was referred to as Officer B. L. Kale.

Plaintiff asserts that in the early morning of August 27, 1972, he was arrested and taken to the Covington, Virginia police station. While plaintiff was being booked, defendants Cale and Thurston, in their capacity as police officers and while wearing police uniforms, allegedly assaulted plaintiff about the face, head, and back with their fists and arms causing serious injury to the plaintiff which necessitated treatment at a hospital. Additionally, plaintiff contends that the aforementioned acts were committed with the knowledge, consent, and approval of defendant Cole, who allegedly failed to properly exercise his appointed duties as jailer responsible for the handling of prisoners. Consequently, plaintiff concludes defendants have acted under the color of state law to deprive him of his right to be free from physical abuse, coercion and intimidation, rights secured by the Fourteenth Amendment to the U. S. Constitution. As a direct result of the aforementioned acts, plaintiff avers that he has suffered bodily harm and mental anguish resulting in medical and hospital expenses. Plaintiff contends he has a cause of action against defendants pursuant to 42 U.S.C. §§ 1983 and 1985, and invokes the jurisdiction of this court according to 28 U.S.C. §§ 1331, 1332 and 1343. Defendants Cale and Thurston jointly have filed motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, and defendant Cole, individually, has filed a similar motion.

■ Initially, the court grants defendants' motion to dismiss regarding plaintiff's claim pursuant to 42 U.S.C. § 1985(3). The elements which must be alleged to state a cause of action under § 1985(3) were concisely stated in Huey v. Barloga, 277 F.Supp. 864, 868 (N.D.Ill. 1967).

The elements necessary for a cause of action under the section are (1) a conspiracy by the defendants, (2) with a purpose of depriving the plaintiff of equal protection of the laws or equal privileges and immunities under the law, (3) a purposeful intent to discriminate, (4) action by the defendants under color of state law or authority, and (5) injury to the person or property of the plaintiff or his deprivation of a right or privilege as a citizen of the United States resulting from actions in furtherance of the conspiracy.

Courts have uniformly dismissed actions pursuant to § 1985(3) which contained mere conclusory claims of constitutional deprivations unsupported by factual allegations. *E. g.,* Robinson v. McCorkle, 462 F.2d 111 (3rd Cir. 1972); Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969); Burnett v. Short, 311 F.Supp. 586 (S.D.Tex.1970), aff'd, 441 F.2d 405 (5th Cir. 1971). Consistent with this precedent, the court finds plaintiff's § 1985(3) allegations wholly inadequate. He provides no evidence of (1) a conspiracy, (2) nor any indication that the defendants were attempting to deprive him of equal protection of the laws or equal privileges and immunities under the law, (3) nor any evidence of a purposeful intent to discriminate. Rather, he proffers the vague complaint that the defendants acted "in concert" to deny him of rights guaranteed by the U. S. Constitution. This allegation is insufficient to support a complaint pursuant to 42 U.S.C. § 1985(3).

There remains for disposition plaintiff's alleged cause of action under 42 U.S.C. § 1983, and the court's consequent jurisdiction according to 28 U.S.C. § 1343(3). As previously noted, defendants Cale and Thurston have filed answers and motions separate from the answer and motion filed by defendant Cole. The court, therefore, will consider their motions and answers separately. Before doing so, however, the court will dispose of a common defense asserted by defendants.

■ Defendants contend that plaintiff's claim is barred by the applicable statute of limitations provision contained in § 8–24 of the Virginia Code because it accrued more than one year before the initiation of this action. This defense is lacking in merit. Plain-

tiff alleges the incident complained of occurred on August 27, 1972. Nowhere in their answers or motions do defendants present any contrary evidence. On the face of the complaint is the stamp of the Clerk of the U. S. District Court indicating that the complaint was filed on August 23, 1973. Assuming their claim that a one year statute of limitations is applicable to § 1983 suits is correct,[2] it is obvious that plaintiff filed this action within one year of the occurrence of the incident in controversy. Therefore, this asserted defense is overruled.

■■ Plaintiff has stated a cause of action cognizable under § 1983 against defendants Cale and Thurston. Plaintiff has a constitutional right to be free from unreasonable interference by police officers and this protection includes his physical integrity. Jenkins v. Averett, 424 F.2d 1228 (4th Cir. 1970); Howell v. Cataldi, 464 F.2d 272 (3rd Cir. 1972). He complains that defendants Cale and Thurston arbitrarily inflicted injury upon him, an allegation they deny. Furthermore, Cale and Thurston declared that when plaintiff was brought to the Alleghany County Jail he showed signs of having been engaged in a fight and attempted to secure a warrant against an individual who he said had committed an assault and battery upon him. Defendants also contend that plaintiff was intoxicated and actually committed an assault and battery upon them while he was lawfully in custody. Clearly, factual questions have been presented and therefore Cale's and Thurston's motion to dismiss is denied.

■■ Plaintiff does not allege that defendant Cole participated in the alleged beating; rather he asserts that Cole was aware of Cale's and Thurston's actions, and approved of them, thereby establishing Cole's failure to properly exercise his duties as jailer. Defendant Cole denied the above allegations and asserts the same allegations as presented by Cale and Thurston concerning the occurrences on August 27, 1972. Again a factual controversy is evident. In considering defendants' motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure allegations in the plaintiff's complaint must be accepted as true and the complaint dismissed only if it appears to a certainty that plaintiff is not entitled to relief under any state of facts which could be proved to support his claim. Gardner v. Toilet Goods Ass'n, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967); Clark v. Uebersee Finanz-Korp., 332 U.S. 480, 68 S.Ct. 174, 92 L.Ed. 88 (1947); Schenley Ind. v. N. J. Wine & Spirit Whole. Ass'n, 272 F.Supp. 872 (D.N.J.1967). Consistent with this standard, defendant Cole's motion to dismiss is denied.[3] Liberally construing plaintiff's complaint it is possible he could recover on several alleged grounds. Although courts have generally refused to apply the doctrine of respondeat superior to § 1983 actions, it has been accepted in certain instances. *Compare* Hill v. Toll, 320 F.Supp. 185 (E.D.Pa.1970), *with* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973); Adams v. Pate, 445 F.2d 105 (7th Cir. 1971); Madison v. Gerstein, 440 F.2d 338 (5th Cir. 1971); and Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill.1969). In addition, plaintiff might recover relying on those cases which have held supervisory officers subject to § 1983 actions for negligence in supervising their subordinates. Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971); Roberts v. Williams, 456 F.2d 819 (5th Cir. 1971); Anderson v. Nosser, 438 F.2d 183 (5th Cir. 1971); Sheridan v. Williams, 333

2. Because plaintiff's action was instituted within one year of the alleged assault the court need not resolve the conflict between the one year statute of limitations recently adopted by the Virginia legislature (§ 8–24) and the two year statute of limitations adopted by the Fourth Circuit in Almond v. Kent, 459 F.2d 200 (4th Cir. 1972).

3. Since the court has ruled plaintiff has stated a cause of action against all defendants pursuant to 42 U.S.C. § 1983, the court has jurisdiction according to 28 U.S.C. § 1343. Having established jurisdiction, the court makes no determination regarding plaintiff's contention of jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

F.2d 581 (9th Cir. 1964); Nesmith v. Alford, 318 F.2d 110 5th Cir. 1963). Furthermore, the Fourth Circuit has recently ruled that a claim is stated under § 1983 if state law holds the defendant responsible for illegal acts committed by his subordinates. Scott v. Vandiver, 476 F.2d 238 (4th Cir. 1973).

For the aforementioned reasons, defendants' motions to dismiss are denied and it is ordered that this case be set for jury trial, before a seven member jury, at Roanoke, Virginia on October 23, 1973, at 9:30 a. m. U. S. District Judge James C. Turk will preside at the trial.