Charles **EVERETT** et al.,
Plaintiffs,

v.

The **CITY OF CHESTER** et al.,
Defendants.

**Civ. A. No. 74–2911.**

United States District Court,
E. D. Pennsylvania.

March 10, 1975.

Buford W. Tatum, II, Philadelphia, Pa., for plaintiffs.

Stewart C. Crawford, Media, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This civil rights action arises out of the arrest, imprisonment, and subsequent prosecution of the plaintiffs following a disturbance at Chester High School, Chester, Pennsylvania. The complaint, based on 42 U.S.C. §§ 1981, 1983, and 1985(3), alleges that as the plaintiffs were leaving the scene of the above-described disturbance they were subjected to verbal abuse, physically beaten, and then unlawfully arrested by police officers in the City of Chester Police Department. Defendants have filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

Read in the light most favorable to the plaintiffs, the complaint sets forth the following operative facts:[1] On November 8, 1973, plaintiffs were called to the grounds of Chester High School to quell a disturbance between the daughter of plaintiffs Charles and Anita Everett and another Chester High School student. After a considerable crowd had gathered outside the school, members of the Chester Police Department were called to the scene. The plaintiffs had extricated the young girl from the disturbance and were attempting to leave the scene when they were halted by police officers of the Chester Police Department. The plaintiffs allege that at this point in time they were verbally abused, beaten, and arrested by the police officers. According to the complaint, the plaintiffs were again beaten by the police officers upon their arrival at the Chester Police Station.

Subsequent to the arrest and detention of the plaintiffs, members and officials of the Chester Police Department made statements to the representatives of the Delaware County media which defamed plaintiffs in their community.

Plaintiffs were indicted for riot, simple assault, aggravated assault, and carrying a prohibited offensive weapon. Except for simple assault, all of the charges against Charles Everett were dropped before trial.[2] The trial on the charge of simple assault ended in a mistrial and was relisted for December 9, 1974.

## *Discussion*

■ Plaintiffs seek redress in damages for false arrest and detention, the use of unreasonable force in the effectuation of an arrest, malicious prosecution, and defamation. In short, an action for false arrest and detention and the use of unreasonable force in the course of an arrest may properly be

---

1. For purposes of deciding a motion to dismiss, all well-pleaded factual averments must be considered as true. Curtis v. Everette, 489 F.2d 516, 518 (3rd Cir. 1973).

2. The complaint makes no reference to the status of the charges brought against Anita Everett and Kenneth Watson.

**28**

brought under 42 U.S.C. § 1983. For reasons hereinafter enumerated, plaintiffs' claims for defamation and malicious prosecution will be dismissed.

■ With respect to the statements concerning plaintiffs' arrest and incarceration made by members of the Chester Police Department to the local media, the law is clear that the Civil Rights Act does not give rise to a cause of action for defamation. Azar v. Conley, 456 F.2d 1382, 1389 (6th Cir. 1972); Church v. Hamilton, 444 F.2d 105, 106 (3rd Cir. 1971); Keen v. Philadelphia Daily News, 325 F.Supp. 929, 930 (E.D. Pa.1971). A claim for defamation "does not implicate any federally-protected rights and is not cognizable under 42 U.S.C. § 1983." Rosenberg v. Martin, 478 F.2d 520, 524 n. 4 (2d Cir. 1973).

■■ Plaintiffs claim that they were arrested and detained without probable cause in violation of the Fourth and Fourteenth Amendments. An individual's right to be free from unlawful arrest and detention is a constitutionally protected right which, if violated, may be a basis for an action under § 1983. Street v. Surdyka, 492 F.2d 368 (4th Cir. 1974); Green v. Cauthen, 379 F. Supp. 361 (D.S.C.1974); Luker v. Nelson, 341 F.Supp. 111 (N.D.Ill.1972). Unless the arresting officers are able to prove that they acted with good faith and reasonable belief in the validity of the arrest, plaintiffs may recover under § 1983 for an unconstitutional arrest and detention. Street v. Surdyka, *supra*, 492 F.2d at 374; Hill v. Rowland, 474 F.2d 1374, 1377 (4th Cir. 1973).

■ The use of excessive or unreasonable force in the effectuation of an arrest gives rise to a cause of action under § 1983, for the application of undue force by law enforcement officers results in the deprivation of liberty without due process of law. Reed v. Philadelphia Housing Authority, 372 F. Supp, 686, 689 (E.D.Pa.1974). Plaintiffs have the constitutional right to be free from an unreasonable and unwarranted violation of their physical integrity by police officers, even in the course of an otherwise valid arrest. Howell v. Cataldi, 464 F.2d 272 (3rd Cir. 1972); Lucas v. Kale, 364 F.Supp. 1345, 1348 (W.D.Va.1973).

■ Plaintiffs also claim that they were "subjected to illegal criminal prosecution."[3] As previously discussed, the plaintiffs were indicted for riot, simple assault, aggravated assault, and possession of a prohibited offensive weapon. Presumably, the police officers involved in this case initially lodged the above-stated charges against the plaintiffs. However, it is clear that the named defendants cannot be held responsible for the indictment and ultimate prosecution of the plaintiffs. Such responsibility must lie with the District Attorney, and not with the police officers.

■ Furthermore the complaint fails to allege that the criminal proceedings have terminated in favor of the plaintiffs.[4] The favorable termination of the criminal proceedings is the *sine qua non* of a claim for malicious prosecution. Sullivan v. Choquette, 420 F.2d 674, 676 (1st Cir. 1969), cert. denied, 398 U.S. 904, 90 S.Ct. 1691, 26 L.Ed.2d 62; Gaito v. Strauss, 249 F.Supp. 923 (W. D.Pa.1966), aff'd, 368 F.2d 787 (3rd Cir. 1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139.

■ Plaintiffs have failed to state a cause of action under 42 U.S.C. § 1985(3). Paragraph 26 of the complaint reads as follows:

"In doing the acts and things above complained of, the Defendants were conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive the Plaintiffs' rights guaranteed to Plaintiffs under the Constitution . . ."

The above paragraph is totally devoid of the requisite factual specificity required to state a claim pursuant to §

---

3. See paragraph 1 of the complaint.

4. See footnote 2.

1985(3). Conclusory claims of conspiracy unsupported by factual allegations regarding an agreement are insufficient to establish a § 1985(3) claim. Lucas v. Kale, *supra,* 364 F.Supp. at 1374; Droysen v. Hansen, 59 F.R.D. 483, 484 (E.D.Wis.1973). The essence of a § 1985(3) conspiracy is an agreement to deprive the plaintiffs of the equal protection of the law. Collins v. Bensinger, 374 F.Supp. 273 (N.D.Ill.1974). In order to state a claim under § 1985(3), the conspiracy allegations must be supported by specific facts. Robinson v. McCorkle, 462 F.2d 111 (3rd Cir. 1972). Other than the bare averment that the "defendants were conspirators," the instant conspiracy count does not set forth any factual allegations concerning the membership, formulation, or purpose of the alleged conspiracy. Consequently, the § 1985(3) claim will be dismissed.

■ Finally, the City of Chester has been named as a defendant in this civil rights action. The law is well established that a city or municipality is not a "person" within the meaning of § 1983 and, therefore, not subject to suit under the Civil Rights Act. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); Lehman v. City of Pittsburgh, 474 F.2d 21 (3rd Cir. 1973). The plaintiffs' claim under § 1983 against the City of Chester will, therefore, be dismissed.

In addition to the § 1983 action, plaintiffs have invoked the jurisdiction of the Court pursuant to 28 U.S.C. § 1331. Because the defendant City of Chester is not subject to suit under § 1983, the question of whether the plaintiffs may properly pursue their claim for damages against the City of Chester depends upon the availability of § 1331 jurisdiction. In that the requisite jurisdictional amount has been alleged and the defendant police officers are employees of the City of Chester, defendants' motion to dismiss as to the City will be denied at this time.