Cannon **REDDING** et al.,
Plaintiffs,

v.

William **MEDICA** et al., Defendants.

Civ. A. No. 75–1062.

United States District Court,
W. D. Pennsylvania.

Nov. 4, 1975.

Clifford C. Cooper, Pittsburgh, Pa., for plaintiffs.

Bryan Campbell, Pittsburgh, Pa., for Medica, Lepczyk and Long.

Daniel M. Curtin, Asst. City Solicitor, Pittsburgh, Pa., for City of Pittsburgh.

## OPINION AND ORDER

MARSH, District Judge.

The plaintiffs brought an action against three police officers employed by the City of Pittsburgh and against the City of Pittsburgh. The plaintiffs, Cannon Redding, Kenneth Redding, a minor, by his parent and guardian, Annie Ruth McCoy, and Rick Ashby are citizens of Ohio; the Reddings are black; apparently Ashby is not.

The plaintiffs, *inter alia*, allege that they have been deprived of rights secured by the First, Fourth, Sixth,

Eighth, Thirteenth and Fourteenth Amendments to the Constitution of the United States. They seek damages authorized by the Civil Rights Act and under the aforesaid Amendments. They allege the matter in controversy exceeds $10,000, exclusive of interest and costs.

Jurisdiction is invoked pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 of the Civil Rights Act and its jurisdictional counterpart, 28 U.S.C. § 1343(3) and (4), as well as under 28 U.S.C. § 1331, federal questions, and § 1332, diversity of citizenship.[1]

The City of Pittsburgh filed a motion to dismiss the action, *inter alia,* on the ground that the complaint fails to state a claim against defendant, City of Pittsburgh, upon which relief can be granted. Three grounds are specified:

(a) The City is not subject to suit under the Civil Rights Act of 1870 and 1871, 42 U.S.C. §§ 1981, 1983 and 1985

(b) The Complaint otherwise fails to state a claim under 42 U.S.C. §§ 1981 and 1985.

(c) No independent cause of action against the City arises under the Constitutional Amendments cited in the Complaint.

In our opinion the motion should be denied.

It seems to be clearly established that the city, not being a "person," is not amenable to a Civil Rights Act suit brought under 42 U.S.C. §§ 1981, 1983 and 1985.[2]

However, the complaint sets forth a diversity cause of action against the city on the theory that it could be held vicariously liable for the acts of its police officers. The complaint also sets forth federal causes of action brought against the city directly under the Constitutional Amendments cited in the complaint. On both grounds this court has federal jurisdiction. 28 U.S.C., § 1332, diversity of citizenship; § 1331, federal question;[3] provided that the matter in controversy exceeds the sum or value of $10,000 which is alleged in the complaint and at this point must be taken as true.

Even if the plaintiffs fail to prove that their damages exceed $10,000, exclusive of interest and costs, this court has jurisdiction over the city as a pendant party to the federal action against the police officers under §§ 1983 and 1985.[4]

An appropriate order will be entered.

1. The complaint does not aver the citizenship of the individual defendant police officers, but only that they reside in Pittsburgh. We assume an appropriate amendment will be made. We take judicial notice that the City of Pittsburgh is a municipal citizen of Pennsylvania.

2. *Moor v. City of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), §§ 1983, 1988; *Monroe v. Pape,* 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed.2d 492 (1961), § 1983; *Lehman v. City of Pittsburgh,* 474 F.2d 21 (3rd Cir. 1973), § 1983; *Arunga v. Weldon,* 469 F.2d 675 (9th Cir. 1972), §§ 1981, 1986; *Moor v. Madigan,* 458 F.2d 1217 (9th Cir. 1972), §§ 1981, 1988; *United States, ex rel. Gittlemacker v. County of Philadelphia,* 413 F.2d 84 (3rd Cir. 1969), § 1983; *Black Bros. Combined v. City of Richmond,* 386

F.Supp. 147 (E.D.Va.1974), §§ 1981, 1983, 1985, 1988; *Richmond Black Police Officers Ass'n. v. City of Richmond,* 386 F.Supp. 151 (E.D.Va.1974), §§ 1981, 1983, 1986, 1988; *Cohen v. City of Miami,* 54 FRD 274 (S.D. Fla.1972), §§ 1981, 1983, 1988; *Harms, et al. v. City of Pittsburgh, et al.,* Civ. Action No. 75–626 (W.D.Pa.1975), §§ 1983, 1985, 1986; Contra, *Maybanks v. Ingraham,* 378 F.Supp. 913 (E.D.Pa.1974), § 1981.

3. *Skehan v. Board of Trustees,* 501 F.2d 31, 44 (3rd Cir. 1974); *Patterson v. City of Chester,* 389 F.Supp. 1093, 1095–1096 (E.D. Pa.1975); *Dahl v. City of Palo Alto,* 372 F.Supp. 647 (N.D.Cal.1974).

4. *Curtis v. Everette,* 489 F.2d 516 (3rd Cir. 1973); *Shippers & Receivers Coop. Ass'n. Inc. v. Penn Cent. Tr. Co.,* 355 F.Supp. 949, 952 (E.D.Pa.1973).