Canon **REDDING** and Kenneth Redding, a minor, by his parent and guardian, Annie Ruth McCoy and Rick Ashby, Plaintiffs,

v.

William **MEDICA** et al., Defendants.

Civ. A. No. 75–1062.

United States District Court, W. D. Pennsylvania.

March 31, 1976.

Clifford C. Cooper, Pittsburgh, Pa., for plaintiff.

Bryan Campbell, Pittsburgh, Pa., for Willian Medica, Andrew Lepczyk and Walter Long.

Daniel M. Curtin, Asst. City Sol., Dept. of Law, Pittsburgh, Pa., for City of Pittsburgh.

## OPINION

MARSH, District Judge.

The plaintiffs, Canon Redding,[1] Kenneth Redding, a minor by his parent and guardian, and Rick Ashby, citizens of Ohio, brought this action against William Medica, Andrew Lepczyk, Walter Long, Pittsburgh police officers, and the City of Pittsburgh, under the Civil Rights Act, §§ 1981, 1983 and 1985, 42 U.S.C., the First, Fourth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the Constitution of the United States, and under §§ 1331 and 1332, 28 U.S.C. Since damages in excess of $10,000 were alleged, a motion by the City to dismiss was denied, *Redding v. Medica*, 402 F.Supp. 1260 (W.D.Pa.1975); in the event damages in excess of $10,000 were not proved by each plaintiff, it was held the court nevertheless had discretionary jurisdiction over the City as a pendent party to tort claims under state law. The court has jurisdiction under the Civil Rights Act by virtue of § 1343, 28 U.S.C. over the individual police officers, and has pendent jurisdiction over them for personal injuries in trespass under state law.

A jury trial was demanded by plaintiffs, but on the day of trial, both sides waived jury trial, and the court reluctantly was required to try the case nonjury. We say reluctantly because it appeared from the pretrial narratives, that the facts had to be found from the testimony of Canon and Kenneth Redding, the two black plaintiffs, and their white companions, Rosemary Moran and Karen Kirby, and the testimony of the three white defendant police officers plus three other white police officers. There were no disinterested witnesses listed by either side.

At the trial the testimony on each side seemed to be colored to some extent by self interest and interest in the outcome of the case; and as to certain issues, recollection of the parties seemed to be inaccurate.

Since the trial issues presented an oath against oath situation by interested parties and interested witnesses, we find that plaintiffs did not meet the burden of proving their case by a fair preponderance of the evidence.

In addition, Rick Ashby, who is a white male, on the day of the trial withdrew as a party plaintiff. Ashby did not appear at the trial nor was he subpoenaed by the remaining plaintiffs. His deposition was not offered in evidence by the plaintiffs. Rosemary Moran, who was accompanying the plaintiffs and was present at the trial and named as a witness in plaintiffs' pretrial narrative statement, was not called to testify. This failure by the plaintiffs to present the testimony of the two witnesses most likely to corroborate their testimony weakened their case in the eyes of the court as the fact finder. The court finds the testimony of the plaintiffs as to certain issues in the case was not credible.

It is the opinion of the court that judgment should be entered in favor of the defendants and against the plaintiffs, Canon Redding and Kenneth Redding by his parent and guardian.

Canon and Kenneth Redding, accompanied by Rick Ashby and their two female companions, arrived in Pittsburgh from Cleveland about 6:30 p. m. on June 20, 1975 to attend the rock concert. They had reservations at a Holiday Inn in Greentree. When the concert ended they walked toward the 2001 Club in search of a taxi to take them to the Inn. There was considerable pedestrian and vehicular traffic in the vicinity.

Car n Redding is 19 years of age, he is a ormer high school football player; stands 6'2" and weighs 215 pounds. His companion Ashby, also 19 years of age, played football with Canon, and stands

---

1. At the trial this plaintiff's correct name appeared to be Canon Vance Redding.

5'11" and weighs 170 pounds. Kenneth is 18 years old (17 at the time of the incident). He is a well developed lad; his height and weight were not elicited.

The following facts were stipulated by the parties:

"Plaintiffs Cannon (sic) Redding, Kenneth Redding, and Rick Ashby were leaving a rock concert at Three Rivers Stadium in Pittsburgh about 12:45 A.M. on June 21, 1975.

In the vicinity of the 2001 Club on Robinson Street an incident involving the three above plaintiffs and the defendant police officers occurred which resulted in the arrest of all three plaintiffs.

Following their arrest Cannon (sic) Redding and Rick Ashby were transported to the Divine Providence Hospital by police van (but not by defendants). After treatment they were transported by Pittsburgh police (not defendants) to City Court where they were arraigned, posted bond and were released in the morning of June 21st. Criminal charges filed against them were Simple Assault, Resisting Arrest, and Disorderly Conduct.

At hearing on June 25, 1975 charges of simple assault and resisting arrest were dismissed. Cannon (sic) Redding and Rick Ashby were found guilty of disorderly conduct and sentenced to pay fines and costs. They have filed a statutory appeal of their convictions in the Court of Common Pleas of Allegheny County, Pa., which appeal has not yet been heard.

Following his arrest plaintiff Kenneth Redding, a minor, was transported by Pittsburgh police (not defendants) to Divine Providence Hospital where he was checked by a nurse. He was then transported to Shuman Juvenile Detention Center and was released in the

custody of his parents on the afternoon of June 21st."

The court finds the facts which occurred in the vicinity of the 2001 Club as follows: [2]

The three young men, accompanied by the two young women, were walking abreast on a 10-foot wide sidewalk in front of the Club. Karen Kirby was holding the hand or arm of Canon Redding. Canon had a sea bag approximately five feet by two feet in size weighing about 15 pounds, half filled with bottles, sandwiches, oranges, jugs and clothing. Canon had placed the sea bag over his right shoulder. As he passed the defendant, Lieutenant Medica, who was standing near the curb of the sidewalk, Canon intentionally swung the bag which struck Medica on the shoulder and threw him off balance; Medica was not certain that the blow was intentional, but as Canon proceeded another 10 or 15 feet and passed the defendant, Sergeant Lepczyk, standing near the curb, he again intentionally swung the sea bag and struck Lepczyk on the chest and shoulder throwing him off balance.

Officers Medica and Lepczyk, aided by Officer Long, immediately placed Canon under arrest for assaulting police officers and disorderly conduct. They then escorted him to the police car, ordered him to place his hands on the car and proceeded to search him.

Ashby obstructed and interfered with the arrest of Canon. He attacked Lieutenant Medica knocking off his cap, knocking the officer's radio out of his hands and wrestled him to the ground. A melee developed. Officers Growsinsky, O'Keefe and Tassos [3] came to Medica's aid and subdued Ashby. Lieutenant Medica was injured in the melee and was off work on disability compensation for 14 days.

---

**2.** A transcript of the testimony was not ordered by any of the parties.

**3.** Officers O'Keefe and Tassos were in plain clothes. They were hired to help keep order in

the 2001 Club, but were on the entrance steps of the Club when the incident on the sidewalk occurred.

The two females fled the scene.

Canon strenuously resisted arrest and a melee developed between him, Sergeant Lepczyk and Long. Canon punched Long knocking him down. Lepczyk struck Canon with a black jack on the right side of his scalp inflicting a cut requiring six stitches. See PX4. Long struck Canon with a night stick across the back of his shoulders. Canon tried to kick Lepczyk in the groin and Lepczyk struck Canon's knee with the black jack. They wrestled to the ground. Kenneth Redding obstructed and interfered with the arrest of Canon by grabbing Lepczyk around the neck and lifting him off Canon. Lepczyk struck Kenneth with the black jack, who dropped to one knee and caused no further trouble. Kenneth was arrested.

Police Van # 952 arrived and transported the Reddings and Ashby to the Divine Providence Hospital, where all were examined and Canon's cut sutured. Canon also sustained a slight concussion, a sprained ankle and a bruised knee. Other than minor bruises and scratches Kenneth Redding and Ashby were not injured.

The plaintiffs in their complaint alleged that "there were thirty-five to fifty uniformed police officers of the City of Pittsburgh in the immediate area in addition to Defendants Medica, Lepczyk and Long, whom (sic) were also in uniform." In his direct testimony Canon Redding stated there were approximately 10 to 15 officers outside the Club, and that eight to ten officers participated in beating him. On cross examination, he stated there were approximately 15 to 25 officers present, all in uniform, and all in front of the 2001 Club. Canon's testimony in this respect was corroborated by Kenneth Redding and Karen Kirby. The court finds that in addition to the three defendants only one other uniformed police officer, Growsinsky, was in the vicinity. Officers O'Keefe and Tassos were present in plain clothes. Following the two melees, Officers Hediger and Carter arrived in the police van and transported plaintiffs and Ashby to the hospital. The trip to the hospital took less than 10 minutes.

Although Canon accused Lieutenant Medica and Officer Long of striking him on the head, both denied the accusation. The court finds that neither Medica nor Long struck Canon on the head. Kenneth did not know which officer had hit him on the back with a night stick. There was no evidence on the part of plaintiffs that Sergeant Lepczyk had struck them, but Lepczyk took the witness stand and admitted striking Canon on the head and striking Kenneth.

After the arrest of Canon and Kenneth the defendants attempted to search them for weapons by frisking them.

■ A search of the person incident to a lawful arrest, even though conducted without prior issuance of a search warrant, is valid and reasonable. *Commonwealth v. Negri,* 414 Pa. 21, 198 A.2d 595, 600 (1964).

■ To entitle plaintiffs to recover in an action for malicious prosecution it must clearly appear that the prosecution was without probable cause. *Altman v. Standard Refrigerator Co.,* 315 Pa. 465, 173 A. 411, 417 (1934); Restatement of Torts, § 669. The plaintiffs did not meet this burden. The defendants had probable cause to arrest the plaintiffs.

■ The defendants Medica and Lepczyk testified that they smelled the odor of alcohol upon Canon and that his sea bag contained alcoholic drinks. Canon and his companions denied drinking any alcoholic beverages at the rock concert and denied that the sea bag contained any alcoholic beverages. The officers did not produce the sea bag which they confiscated and which was subsequently "lost." The defendants Medica and Lepczyk testified they charged plaintiffs with "intoxication"[4] but no record of such charges was produced.

4. Under the Pennsylvania Code this charge now would be "Public drunkenness." 18 C.P. S.A. § 5505.

Hence, the court finds the issues of possession of alcohol and intoxication were not proved by a fair preponderance of the evidence.

The defendants at all relevant times were acting under color of state law.

The defendants did not violate any constitutional or civil rights of the plaintiffs, Canon or Kenneth Redding.

The defendants did not conspire to deprive the plaintiffs of their civil rights.

The arrests of Canon and Kenneth Redding were not motivated by racial prejudice.

The plaintiff Canon Redding was legally arrested for striking Lieutenant Medica and Sergeant Lepczyk with his sea bag. Restatement (Second) of Torts §§ 116, 117, 121(c) comment (j).

Kenneth Redding was legally arrested by Sergeant Lepczyk for obstructing and interfering with the arrest of Canon; the blows struck by Sergeant Lepczyk and Officer Long were necessary to effect the arrest and confinement of Canon and Kenneth. Restatement (Second) of Torts § 118 comment (b).[5]

Excessive force was not used by any defendant in effectuating the arrests of Canon and Kenneth Redding.

The charges defendants brought against plaintiffs were not false and unfounded and defendants did not testify falsely against plaintiffs.

The foregoing shall be deemed to constitute the findings of fact and conclusions of law required by Rule 52, Fed.R. Civ.P.

An appropriate order will be entered.

---

**5.** Title 18 Consolidated Pennsylvania Statutes Annotated § 508. "*Use of force in law enforcement.*

(a) Peace officer's use of force in making arrest.—

(1) A peace officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest. . . . "