UNITED STATES of America ex rel.
Alex BIRNBAUM, Appellant,

v.

Edward J. DOLAN et al.

No. 19406.

United States Court of Appeals,
Third Circuit.

Submitted Nov. 8, 1971.

Decided Dec. 21, 1971.

Alex Birnbaum, pro se.

Lewis N. White, III, Asst. Prosecutor, New Brunswick, N. J. (John S. Kuhlthau, Prosecutor, Middlesex County, New Brunswick, N. J., on the brief), for Edward J. Dolan.

John S. Fitzpatrick, Deputy Atty. Gen., Trenton, N. J. (George F. Kugler, Jr., Atty. Gen. of N. J., Stephen Skillman, Asst. Atty. Gen., Trenton, N. J., on the brief), for Dale G. Cordy.

Before VAN DUSEN and ROSEN, Circuit Judges and LAYTON, Senior District Judge.

OPINION OF THE COURT

PER CURIAM:

Appellant has appealed from the Order of the District Court dismissing his civil rights complaint as demonstratively frivolous and insufficient on its face.

In January of 1967, an assault and battery, and a robbery occurred in Jamesburg, New Jersey. On March 20, 1969, a robbery occurred in Point Pleasant, New Jersey. Birnbaum was arrested in connection with the Point Pleasant robbery. Detective Cordy of the New Jersey State Police interviewed Birnbaum at his place of confinement because there were similarities between the crimes. At the August 28, 1969, interview, Birnbaum said he would appear at a lineup if counsel were provided. At the September 4, 1969, lineup, Birnbaum was identified as the perpetrator of the February offenses. Birnbaum claims that the lineup was unconstitutional.

Defendant Dolan, the county prosecutor, handled the resulting litigation for the government.

On January 12, 1971, the New Jersey Superior Court granted a motion dismissing the charges of atrocious assault and battery, which took place in January, 1967. On January 13, 1971, the same court ruled that the lineup identification was inadmissible against Birnbaum in any state criminal proceeding. Birnbaum was acquitted of the January 1967 charges two days later. During this entire period, he was incarcerated in connection with the March robbery.

Birnbaum brought a civil rights action on October 20, 1970, based on 42 U.S.C. § 1983 in the District Court against Dolan and Cordy for damages due to his being subjected to an unusually long confinement prior to trial and an improper lineup. The complaint was dismissed in November of 1970 because it was not only too general, but also because it sought to enjoin a state criminal prosecution. Birnbaum has filed a timely appeal.

■ Section 1983 actions are often brought by persons who have had little or no legal assistance in preparing their petitions, but who may be suffering from the infringement of an important civil right, with the result that such complaints are liberally construed by reviewing courts. At some point, however, a complaint may be so vague that, despite a liberal reading, it must be dismissed for failure to state a claim upon which relief could be granted.[1]

■ First, appellant claimed that he wanted his trial transferred to federal court because the slow pace of the state prosecution was depriving him of his right to a speedy trial. The enjoining of a criminal proceeding in a state court is an extreme measure designed only for those rare situations in which irreparable injury would result to the defendant. The language of 28 U.S.C. § 2283 clearly intends that an injunction to stay criminal proceedings in a state court would be rarely issued by a federal court. Only last term, the Supreme Court reaffirmed that concept when it held that only under extraordinary circumstances where the likelihood of irreparable loss to the defendant is both great and immediate, and he is unable to defend himself in one prosecution, should a federal court enjoin a pending state criminal prosecution.[2] Appellant has not alleged bad faith either in his arrest or the manner of the prosecution of his case. It follows that appellant has not set forth sufficient reasons which might have justified his request for enjoining the state criminal action, and the District Court properly denied such a request.

■ Second, appellant claims that defendants' actions in furtherance of the prosecution of his case gave rise to damages compensable under Section 1983. This contention is without merit in the instant case. State officers, such as defendant Dolan, acting in good faith in the pursuance of their official duties, are shielded from Section 1983 damage suits, as long as their actions are not clearly outside their jurisdictions.[3] Therefore, appellant's second contention must be dismissed.

1. In Negrich v. Hohn, 379 F.2d 213, 215 (3rd Cir. 1967), while determining that a pro-se complaint would be dismissed, the Court held that "The complaint is insufficient because it is broad and conclusory. Its insufficiency lies in its failure to state facts in support of its conclusions."

2. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Appellant has not attempted to set forth special fact situations which might prove bad faith on the part of the prosecution, as a possible basis for assessment of damages. See, Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Also, we cannot overlook the termination of the charges against plaintiff arising from the 1967 occurrences making moot much of the relief sought. See Caldwell v. Craighead, 432 F.2d 213, 218 (6th Cir. 1970).

3. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) ; Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966).

Third, appellant argues that because he was subjected to illegal lineup, he should be compensated in damages. However, since the lineup identifications were not used against him, and we are presented actually with the question whether an abstract violation of a constitutional right which has no harmful consequences to the defendant entitles him to money damages under Section 1983, there is no merit to this argument.[4]

In the light of the foregoing, the decision of the District Court will be affirmed.

---

4. Negrich v. Hohn, 246 F.Supp. 173 (W.D.Penn.1965), aff'd, 379 F.2d 213 (3rd Cir. 1967).