**\*AMENDED CLD-043**                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3068
_____

EDWARD D. TORRES,
a/k/a Rev. Eddie Torres,
                              Appellant

v.

SARA DAVIS, Board of Education of Camden Public Schools;
DANA REDD, Mayor of Camden;
COMMISSIONER NEW JERSEY BOARD OF EDUCATION;
ATTORNEY GENERAL NEW JERSEY
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-11-cv-06190)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2012

Before: RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 4, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Edward Torres, proceeding pro se, appeals an order from the United States District Court for the District of New Jersey granting the motions to dismiss of Sara Davis, the Attorney General of the State of New Jersey, and the Commissioner of the State of New Jersey Board of Education. Torres also appeals the District Court's order denying his motion to appoint pro bono counsel. Finally, Torres filed in this Court two separate motions for injunctive relief. Because this appeal does not present a substantial question we will summarily affirm for largely the same reasons as given in the District Court's order. We deny Torres's motions for injunctive relief.

I.

Because we write for the parties, who are well acquainted with the case, we will recount only the essential facts and procedural history. In October 2011, Torres filed a civil complaint in the District Court. In his complaint Torres named Sara Davis; Dana Redd, Mayor of the City of Camden; the Attorney General of the State of New Jersey; and the Commissioner of the State of New Jersey Board of Education (the "Commissioner"). Torres generally alleged that the Camden City Board of Education (the "Board"), of which Davis is a member, violated his civil rights when they did not include proposed referendum questions he had submitted in a special election ballot. In particular, Torres argued that his First Amendment rights were violated, his equal protection rights under the Fourteenth Amendment were violated, and his New Jersey state constitutional rights were violated.

2

Two of the referendum questions Torres proposed dealt with the addition of religious content to the Camden City Public Schools' curriculum and the third addressed the rights of prisoners to vote in school board elections. From 2000 to 2010, Torres regularly submitted proposed referendum questions to the Board. The Board denied Torres's referendum questions, concluding that the Board did not have jurisdiction to include them on a special election ballot and that inclusion of the questions would violate the United States Constitution. Torres appealed the Board's decision in 2005, and the Commissioner affirmed the decision. Beginning in 2007, Torres amended his proposed referendum questions. The amended referendum questions excluded the question about prisoner voting rights and reframed a question that dealt with prayer as "a session in prayer with one minute of silence to be used solely at the discretion of the individual." The Board continued to deny Torres's annual referendum questions. He appealed the decision again in 2010 and the Commissioner affirmed.

In his complaint, Torres sought injunctive relief directing Defendants to include the referendum questions in a special election and ten million dollars in damages. Defendants filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), and in June 2012 the District Court granted Defendants' motions to dismiss pursuant to Rule 12(b)(6). Torres appealed and the Clerk alerted the parties that the appeal was being considered for summary action. Davis responded and argued that summary action was appropriate and the District Court's order should be affirmed. Torres did not respond to the notice of possible summary action, but did file a petition for

3

an injunction requesting the court to direct the Board to submit the referendum questions to the November general election ballot. Davis responded to the petition and argued that Torres did not satisfy the standard for issuing an injunction. Torres later filed a motion for injunctive relief directing Mayor Redd to cease restricting his First Amendment rights.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's decision to not appoint counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 155 & n.4 (3d Cir. 1993). Our review of the District Court's order granting the Defendant's motion to dismiss is plenary. See AT & T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006). Plenary review requires that we accept as true all of the allegations in the complaint and draw all inferences from the allegations in the light most favorable to the plaintiff. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

Torres's complaint seeks money damages for alleged violations of his constitutional rights. Although he does not identify a specific basis for relief, his complaint may be liberally construed as a claim for relief under 42 U.S.C. § 1983.[1] See United States ex rel. Birnbaum v. Dolan, 452 F.2d 1078, 1079 (3d Cir. 1971). To state a claim under § 1983, the plaintiff must allege that the defendant acted under color of state law to deprive him of a right secured by the federal Constitution or federal law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980).

The bulk of Torres's allegations concern actions taken by Davis while a member of the Board and briefly address Mayor Redd's alleged wrongdoing. Torres made scant allegations concerning the conduct of the Attorney General and the Commissioner and no allegations concerning conduct taken outside of their official capacity. Thus, we agree with the District Court that the Attorney General and the Commissioner are immune from suit for money damages due to sovereign immunity. U.S. Const. amend. XI; Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Next, Torres did not sufficiently state a claim against the remaining defendants upon which relief can be granted. Torres claimed that Defendants' conduct, particularly that of Davis, violated his First Amendment right to petition government for a redress of a grievance, right to petition for posting of referendum questions, and the right to the free exercise of religion. Torres argued that the Board's conduct violated his petition rights,

---

[1] Torres also stated that he was entitled to damages due to Defendants' defamation and reckless endangerment. However, other than his invocation of these concepts in his

5

but "[t]he Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy." Minn. State Bd. for Comty. Colls. v. Knight, 465 U.S. 271, 283 (1984). Moreover, the Constitution does not mandate that states permit citizens "the right to pass legislation through a referendum." Molinari v. Bloomberg, 564 F.3d 587, 597 (2d Cir. 2009). In sum, the First Amendment does not guarantee citizens a right to pass legislation, but if the states provide such a right the First Amendment protects speech incident to that right. Meyer v. Grant, 486 U.S. 414, 421-24 (1988); Initiative & Referendum Inst. v. Walker, 450 F.3d 1082, 1099 (10th Cir.) (en banc), cert. denied, 549 U.S. 1245 (2007).

Under New Jersey law, citizens generally cannot pass legislation through a referendum, but after the governing body of a municipality or county adopts a resolution authorizing referendum questions citizens can, as Torres attempted to do, propose nonbinding public questions to be included on a ballot "to ascertain the sentiment of the legal voters." N.J. Stat. Ann. § 19:37-1 (West 2011). However, as the District Court noted, in this case the adoption of a resolution authorizing referendum questions such as Torres's is a discretionary matter that is decided by the governing body of the City of Camden. Id. at § 19:37-1 to 1.1. The Defendants did not limit or burden Torres's ability to propose referendum questions or his speech incident to his proposals. Accordingly, Torres's First Amendment rights were not violated.

request for damages he provides no allegations, discussion, or evidence in support.

6

Next, Torres's allegation that Defendants' conduct restricted his right to the free exercise of religion is insufficiently pled and the District Court was correct to dismiss the claim. The Free Exercise clause of the First Amendment is violated when the government has "placed a substantial burden on the observation of a central religious belief or practice" and no "compelling governmental interests justifies the burden." Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). Torres has not come forward with facts that make it plausible that, by declining to approve Torres's referendum questions, the Defendants placed a substantial burden on his religious beliefs or practices.

IV.

Torres also alleged that Defendants' discrimination against him violated his Equal Protection rights under the Fourteenth Amendment. A claim under the Equal Protection clause requires an allegation that the plaintiff "is receiving different treatment from that received by other individuals similarly situated." Kuhar v. Greensburg-Salem Sch. Dist., 616 F.2d 676, 677 n.1 (3d Cir. 1980). We agree with the District Court that Torres did not identify what particular class he belonged to for equal protection purposes and how he was treated differently than similarly situated individuals. Thus, Torres failed to state a claim for violation of his Equal Protection rights upon which relief could be granted.

Torres also alleged, but did not distinctly set forth, that Defendants violated his rights to equal protection and to free exercise of religion as provided by the New Jersey Constitution. We agree with the District Court that Torres did not argue or establish that the New Jersey constitutional right to free exercise is more extensive than that guaranteed

7

by the Constitution, and therefore, for the reasons stated above he failed to state a claim. We also agree with the District Court that Torres failed to meet the standard for an equal protection claim under the New Jersey constitution. See State v. Chun, 943 A.2d 114, 142 (N.J. 2008). Significantly, Torres provided conclusory accusations and no evidence supporting his claim.

## V.

We next address Torres's motion seeking an injunction directing Defendants to include his referendum questions on the November general election ballot, which was filed on September 19, 2012. We deny Torres's motion for an injunction because, as discussed above, he has not made the requisite strong showing that he would prevail on the merits of his appeal.[2] NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999) (identifying the factors to evaluate in deciding whether to grant an injunction). We additionally deny Torres's motion for an injunction directing Mayor Redd to stop restricting his First Amendment rights because the injunction was not first filed in the District Court. See Fed. R. App. P. 8(a)(1).

## VI.

As this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Torres's motions for injunctive relief are denied.

---

[2] Additionally, we find that the District Court did not abuse its discretion in denying Torres's motion for appointment of pro bono counsel. Further, to the extent that Torres requests counsel on appeal, the motion is denied.