**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2801
_____

JAMOD ROHN,
Appellant

v.

DENIS HORTON; RONALD SHUR,
OF THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of
(D.C. Civil Action No. 2-12-mc-00162)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2013
Before:  SMITH, CHAGARES and WEIS, <u>Circuit Judges</u>

(Opinion filed: January 4, 2013)
_____

OPINION
_____

PER CURIAM.

Jamod Rohn appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania closing his case. We will affirm the District Court's order.

## I.

Rohn pled guilty in Pennsylvania state court to two counts of third-degree murder, one count of rape, and one count of criminal conspiracy. In 1999, Rohn received an aggregate sentence of 20 to 60 years in prison. In 2004, Rohn filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. The PCRA court dismissed the petition as untimely, the Superior Court affirmed the dismissal, and the Pennsylvania Supreme Court denied allocatur. In 2007, Rohn filed a pro se habeas petition in the District Court. The District Court dismissed the petition as untimely and this Court denied Rohn's request for a certificate of appealability and his petition for a rehearing en banc. Rohn is currently incarcerated at Pennsylvania State Correctional Institute Fayette.

Rohn initiated the underlying proceeding in May 2012 when he filed a document titled "Counter-Claim" and a brief in support in the District Court. In the Counter-Claim, Rohn named Denis Horton and Ronald Shur as "claimants / beneficiaries" and himself as "accused / drawee / defendant." Rohn challenged the validity of the state criminal complaint containing the charges he pled guilty to and portrayed the state court criminal proceedings as an elaborate system of unauthorized bond transactions. Essentially, Rohn argued that the state court did not have jurisdiction to imprison him. He sought either

2

punitive damages for violation of his civil rights and violation of federal law or an order directing the Commonwealth of Pennsylvania to release him from prison.

Rather than construe Rohn's filing as a complaint or a habeas corpus petition, the District Court issued an order in June 2012 closing the case because Rohn failed to comply with Federal Rule of Civil Procedure 3, which states that a complaint is required to initiate a civil action. Rohn subsequently filed a notice of appeal in the District Court and a brief and appendix in support of his appeal in this Court.[1] In his brief, Rohn described and asserted claims associated with his original state court criminal proceedings and his previous PCRA proceedings. In response to the District Court's order, Rohn stated that the District Court failed to consider "that over '9' nine Complaint(s) have been Issued / Presented to the Court(s), so the Appealant's [sic] Counter-Claim Complaint was well in order to be filed in the Eastern District Court." Rohn's claims focused on the state court's lack of jurisdiction and requested that this Court "Overturn Illegal Sentence for the Lack of Subject Matter Jurisdiction."

## II.

After review of Rohn's Counter-Claim and brief in support, we conclude that he challenges the validity of his conviction and seeks damages related to his confinement. The challenge to the validity of his conviction can only be brought pursuant to 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001). Rohn previously filed a § 2254 petition that was dismissed as untimely, and, because that disposition

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

3

counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), he must seek permission from this Court to file a second or successive habeas petition pursuant to § 2244(b).[2] See Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). Because he has not obtained permission, the District Court lacked jurisdiction to entertain this challenge to his conviction. See Burton v. Stewart, 549 U.S. 147, 157 (2007).

Rohn's claim for damages stemming from violation of his civil rights due to his conviction and confinement does not identify a basis for relief. However, in his Counter-Claim Rohn generally alleged that Horton and Shur acted under color of state law to deprive him of rights secured by the federal Constitution or federal law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Thus, reading Rohn's Counter-Claim liberally, it may be construed as a claim for relief under 42 U.S.C. § 1983. See United States ex rel. Birnbaum v. Dolan, 452 F.2d 1078, 1079 (3d Cir. 1971).

However, Preiser v. Rodriguez, 411 U.S. 475 (1973), and its progeny, foreclose § 1983 claims in a "narrow subset of actions," where the deprivation of rights is such that it necessarily affects the fact or length of detention, regardless of the relief sought. Leamer v. Fauver, 288 F.3d 532, 540 & n.6 (3d Cir. 2002). That narrow subset includes "whenever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction for the fact or length of the sentence"; such "a challenge, however denominated and regardless of relief sought, must be brought by way of habeas corpus

---

[2] We express no opinion on whether a § 2244(b) application would be successful.

petition." Id. at 542; see also Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (noting that if a successful § 1983 claim would imply the invalidity of an outstanding criminal judgment dismissal is required). However, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Leamer, 288 F.3d at 542. In this case, if Rohn's § 1983 claim were successful, that is, if it was determined that his civil rights and federal law were violated as a result of his conviction and confinement, it would necessarily impugn the criminal judgment against him and his continued confinement. Until Rohn can demonstrate that his "conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," he has no cause of action under § 1983. Heck, 512 U.S. at 489. Consequently, to the extent that Rohn's Counter-Claim sought relief pursuant to § 1983, he failed to state a claim upon which relief can be granted and the District Court had no choice but to dismiss the case. See 42 U.S.C. § 1997e(c).

## III.

To the extent that Rohn's filing should be construed as a habeas petition, the District Court was required to dismiss it for lack of jurisdiction. To the extent it should be construed as a civil rights action, the District Court was required to dismiss it under Heck. Accordingly, we will construe the District Court's order as dismissing the case with prejudice and affirm it as such.

5